PER CURIAM.
This is an interlocutory appeal from a post-decretal order entered by the Circuit *688 Court for Orange County, Florida. The appellant, Anthony Joseph Andary, was the defendant below. The appellee, his former wife, was the plaintiff.
By a final decree of divorce on 9 June 1966 the plaintiff was awarded custody of the three minor children of the parties. The ages of the children were 6 years, 5 years, and 22 months. Subsequent to the final decree, upon a petition filed by plaintiff in the trial court, tlie decree was modified by an order dated 4 May 1967 which required the defendant beginning on 1 May 1967 to pay $100.00 per month as child support for the three children. Thereafter, the plaintiff filed another petition to modify the final decree of divorce by again increasing the payments for child support. Based on the evidence presented at a hearing on 14 December 1967 on the second petition, the trial court entered an order further modifying the final decree by increasing the support payments to $200.00 per month commencing on 1 January 1968. This order was dated 21 December 1967. The defendant, Anthony Joseph Andary, appeals from this order and by his assignment of error contends that the order was not supported by the evidence. The plaintiff also appeals from the order contending that the award of only an additional $100.-00 per month was insufficient. We will not discuss the point presented by the plaintiff-appellee because of our disposition of the point presented by the defendant-appellant.
The burden in the trial court was upon the plaintiff to demonstrate that, subsequent to the entry of the order of 4 May 1967, there had been such a change in the circumstances of the parties that an increase in the support payment was justified. Simmons v. Simmons, Fla.App.1966, 192 So.2d 325; F.S.1967, Section 61.14, F.S.A. Normally where a change in circumstances unrelated to the ability of the father to pay is relied upon to justify an increase in child support payments, such a change should involve an increase in the need of the children for support. Cherney v. Cherney, Fla.App.1962, 146 So.2d 914.
The evidence presented in support of the petition for modification did not show either an increase in the ability of the father to pay or an increase in the needs of the children, subsequent to the order of 4 May 1967. The plaintiff attempted to show a change in circumstances by showing that at the time of the 4 May 1967 order she was receiving in her own right $800.00 per month “income”, but at the time of the subsequent hearing she was no longer receiving this $800.00 per month. It appears, however, that the asset which was producing the $800.00 per month was a mortgage in the principal amount of approximately $70,000.00, and that the reason plaintiff was no longer receiving the $800.-00 per month on the mortgage was that she had sold the mortgage for $45,000.00 in cash. There was no evidence to show that this sale was in anywise detrimental to the plaintiff’s net worth. The mortgage may or may not have been worth $45,000.00 at the time it was sold. The record is silent on this point. Hence, the testimony presented at the hearing merely showed a change in the nature of the plaintiff’s assets without demonstrating a change in the ability of the defendant to pay or an increase in the needs of the children for support.
In view of this deficiency in the proof, it is our conclusion that the plaintiff failed to sustain her burden in the trial court. Accordingly, that part of the order appealed from which modifies the final decree of divorce by increasing child support from $100.00 per month to $200.00 per month is reversed, and the cause is remanded.
Reversed.
CROSS and REED, JJ., and WADE, CHARLES A., Associate Judge, concur.