282 So.2d 6 (1973)
Frances CARMEL, Appellant,
v.
Jack CARMEL, Appellee.
Nos. 73-39 and 73-163.
District Court of Appeal of Florida, Third District.
June 26, 1973.
*7 Sinclair, Louis, Sand & Siegel, Miami, for appellant.
Levine, Helman & Reckson, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
This interlocutory appeal is by an ex-wife (herein referred to as the wife) from a post decretal order granting a petition of the ex-husband (herein referred to as the husband) for modification of a final judgment of divorce.
The parties in this cause were married on June 12, 1963. Although no children were born of this union, appellant-wife has one daughter from a previous marriage and appellee-husband, a widower, has four children. Appellant participated with the appellee in raising his family and shared a social life on a standard and scale to which she had not been heretofore accustomed. On August 5, 1968, the husband and wife were divorced and the appellant-wife was awarded the sum of $1,500 per month permanent alimony. Plaintiff-appellee, Jack Carmel, on March 3, 1972 filed a petition for modification of final judgment of divorce on the grounds that with the enactment of the no-fault divorce law, alimony to the wife is to be rehabilitative and does not have to be permanent and alternatively that Mrs. Carmel is gainfully employed and capable of supporting herself. It was undisputed that appellee's earnings and net worth have continued to increase and appellee admitted that he has the ability to pay the monthly alimony pursuant to the August 1968 divorce judgment. A hearing was held on appellee's modification petition and thereafter the chancellor entered an order modifying the final judgment of divorce. This post decretal order of December 6, 1972 reads in part as follows:
"3. Petitioner also petitions this Court to declare that the Wife's alimony be considered to be rehabilitative in nature as contemplated by F.S.A. 61.08(1). The parties were married approximately five years, and it was a second marriage for both. There were no children born of the marriage. The Final Decree of Divorce clearly indicates the Court's feelings concerning the marital and financial posture of the parties. The Husband has paid over $72,000.00 in alimony payments to the Wife since the rendition of the Final Decree. Testimony demonstrates that the Wife has, in fact, rehabilitated herself and therefore, the Court finds that this is a case that merits application of a finding that alimony should be considered to be rehabilitative ... Under these circumstances, even though the Divorce Decree was entered prior to the enactment of the "No-Fault" Divorce Law, nevertheless the theories of the new law are applicable and alimony may be adjustable so as to be rehabilitative in nature ... Accordingly, the alimony awarded to MRS. CARMEL is decreed to be rehabilitative in nature. It is, therefore,

*8 "ORDERED AND ADJUDGED, as follows:
"1. The alimony previously awarded at $1500.00 per month be, and the same is hereby reduced to the sum of $833.33 per month for a period of one (1) year from the date of the entry of this Order.
"2. During the second year from the date of the entry of this Order, the Wife shall receive from the Husband, the sum of $416.66 per month as alimony.
"3. At the end of two (2) years from the date of the entry of this Order, all alimony to the Wife shall cease and the Husband shall thereafter forever be relieved from any further obligation for alimony or support payments to or on behalf of the Wife.
"4. All alimony payments provided herein shall be paid monthly, in advance."
The chancellor below has committed two errors which dictates reversal of his order of December 6, 1972. First, the court incorrectly held that the "No-Fault" Divorce Law can be applied retroactively and, therefore, an alimony award "may be adjustable so as to be rehabilitative in nature." F.S. § 61.191 F.S.A. very clearly expresses the mandate of the legislature that the No-Fault Divorce Law "applies to all proceedings commenced on or after July 1, 1971." F.S. § 61.191(1) F.S.A. The parties in this cause were divorced in August 1968, almost three years prior to the enactment of the newly amended Florida Chapter 61. Pursuant to the then existing F.S. § 61.08 F.S.A. (which had no provision for rehabilitative alimony), appellant wife was awarded $1,500 monthly as permanent alimony and it was error for the court below to declare that the wife's alimony be considered to be rehabilitative in nature as contemplated by the present F.S. § 61.08(1) F.S.A. We hereby hold that the no-fault rehabilitative concept is not retroactive and therefore not available to modify a divorce decree that was entered prior to the effective date of the no-fault statute.
Secondly, the court erred in reducing and then terminating the alimony of the appellant-wife on the sole basis of her employment. F.S. § 61.14 F.S.A., which was correctly relied upon by the chancellor, does allow alimony judgments to be modified if "the circumstances or the financial ability of either party has changed since the rendition of such order." In the case at bar, the husband's earnings and net worth continued to increase and, thus, it was error for the chancellor not to have considered that fact. In addition, this court has held that notwithstanding the new dissolution of marriage or "no-fault divorce" act (See 61.001, F.S.A., et seq.) and the significant changes it has wrought, that in general the primary criteria to be used in establishing the amount of alimony is the husband's ability to pay and the needs of the wife, taking into consideration the standard of living by the parties to the marriage. [Emphasis supplied] Sharpe v. Sharpe, Fla.App. 1972, 267 So.2d 665; See also Firestone v. Firestone, Fla. 1972, 263 So.2d 223.
Turning to the case at hand, the appellee-husband candidly admits that he is financially able to pay the $1,500 monthly alimony award. The record on appeal reflects that since the parties' divorce, there has been a substantial change for the appellant from her lavish standard of living as appellee's spouse. During her marriage she lived in an expensive home, she drove the best cars, she participated in various charities, she belonged to three synagogues and the sisterhood, she engaged in such extracurricular activities as tennis, boating, photography, horseback riding, antiquing, modeling, dancing, golf, etc. Clearly, she is unable to maintain the above life style on $7,265 yearly, her current earning capacity. In light of the standard of living by the parties during their marriage and the financial ability of the appellee-husband and further taking into consideration the almost *9 daily rising cost of living, we hold the chancellor abused his discretion in granting appellee's petition for modification and thereby reducing and then totally eliminating appellant's alimony award.
Accordingly, the order appealed from is reversed with directions to reinstate the appellant's $1,500 monthly alimony award.
Reversed and remanded.