308 So.2d 41 (1975)
Jerry G. HAGEN, Appellant,
v.
Shirley Frances HAGEN, Appellee.
No. 74-473.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Sol Alexander, Miami, for appellant.
Orr, Nathan & Williams, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
*42 PER CURIAM.
Petitioner-appellant seeks review of a final order and judgment denying his petition for modification of a final decree of divorce pertaining to the payment of monthly alimony to his ex-wife.
The parties to this action were divorced in 1966. The divorce decree incorporated a property settlement agreement which provided, inter alia, that petitioner, ex-husband, pay to his ex-wife $583.33 per month as alimony and keep her covered with medical insurance and pay her medical and dental expenses.
In October 1973, petitioner-appellant, filed his petition for the modification of the 1966 divorce decree wherein he sought to have terminated the above two provisions. Thereafter, appellee, ex-wife, also filed a petition for modification of final divorce decree wherein she prayed for an increase in the amount of monthly alimony payments and reasonable attorney's fees.
After a full evidentiary hearing on these petitions for modification, the chancellor entered his order denying both petitions and further denied the prayer of appellee, ex-wife, for attorney's fees and costs. Appellant filed a motion for rehearing and after hearing oral argument from counsel of both parties, the chancellor entered an order denying the same but terminated the responsibility of appellant, ex-husband, to take care of all dental and medical expenses and any medical insurance to and for the benefit of his ex-wife. This appeal followed.
Appellant, ex-husband first contends that the court erred in refusing his request to have his ex-wife file a financial affidavit pursuant to RCP 1.611(a).
After a review of the record on appeal, we find that evidence as to the financial condition of both parties was presented to the court and therefore we conclude this point of appellant is without merit.
Appellant also urges as error the denial of his petition to terminate the monthly alimony payments to his ex-wife.
Notwithstanding the "no fault divorce" act in general, the primary criteria to be used in establishing the amount of alimony is the husband's ability to pay the needs of the wife, taking into consideration the standard of living by the parties to the marriage. Carmel v. Carmel, Fla.App. 1973, 282 So.2d 6; Sharpe v. Sharpe, Fla. App. 1972, 267 So.2d 665. Further, where the amount of alimony is based upon agreement like in the case sub judice, a heavier burden rests upon a party seeking a modification than would otherwise be required. Additionally, the court should consider the intent of the parties in making their property settlement and support agreement and its value as a starting point from which to measure change. Scott v. Scott, Fla.App. 1973, 285 So.2d 423, and cases cited therein.
Turning to the instant case in light of the above principles of law, we cannot say that the chancellor abused his discretion in denying appellant's petition to terminate his obligation to pay his ex-wife $583.33 per month as alimony. For although appellant's ex-wife currently is employed, she is unable to maintain the life style during her marriage to the appellant whereas appellant's salary has increased since the entry of the divorce decree and he has the financial ability to make the monthly alimony payments. Cf. Carmel v. Carmel, supra. Thus, this point of appellant must fail.
We have also considered appellant's ex-wife's cross-appeal from the orders denying her petition for modification and relieving appellant from the responsibility of maintaining medical insurance and taking care of all dental and medical expenses for his ex-wife and find the cross-appeal to be without merit.
Accordingly, the final orders herein appealed are affirmed.
Affirmed.