321 So.2d 450 (1975)
Evelyn M. MOSHER, Appellant,
v.
Donald M. MOSHER, Appellee.
No. 75-30.
District Court of Appeal of Florida, Second District.
November 7, 1975.
John W. Emerson and E. Glenn Tucker of Treadwell, Emerson, Elkins & Boughner, Naples, for appellant.
J. Blan Taylor of Taylor & Locker, Naples, for appellee.
McNULTY, Chief Judge.
A final judgment in this divorce action was entered on October 9, 1968 and appellant-wife was therein awarded permanent alimony in the sum of $750 a month. Subsequently, on or about August 22, 1973, appellee-husband, a physician, filed and served a petition for modification of that alimony. A hearing was held thereon on November 26, 1973 and, on December 3, 1973, the court ordered a "de-escalation" of the alimony payments and reduced them to $500 per month. At the same time, the court ordered that he would "entertain a further Petition to de-escalate in this matter on September 1, 1974." On September 30, 1974, such other "de-escalation" hearing was indeed held at which time the court, considering it as a continuation of the previous proceeding, terminated all alimony. This appeal ensued.
It is patent from the record that at the time of the modification hearings the court was of the view that the "no-fault divorce" concept changed the law with respect to alimony. That is to say, he considered that the "no-fault" concept required the giving of primary concern to rehabilitation of a wife rather than to the general rule prior thereto of awarding her permanent alimony to assist in maintaining her accustomed lifestyle until such time as a sufficient change of circumstances occurred so as to render such alimony inequitable or unduly burdensome.
*451 In doing so, however, the court necessarily gave retrospective effect to such view.[1] This was error. We think it's now well settled that the "rehabilitative" thrust of the no-fault divorce law may not be retrospectively applied in the consideration of a petition for modification of alimony awarded in a decree entered prior thereto.[2]
Additionally, the trial court never did reach the question of whether there was a change of circumstances sufficient to warrant modification of alimony under the law as it existed prior to the "no-fault" concept. Had he gone that far, though, a careful review of the record reveals that, as a matter of law, there was not a sufficient showing of such a change to support an affirmative finding on that issue. So we cannot affirm on either theory.
Before concluding, and in fairness to the trial judge, we feel compelled to observe that he was without the benefit of our decision in Lash v. Lash,[3] handed down subsequent to the September 1974 hearing herein, in which this court held that even in cases clearly subsequent to and governed by the "no-fault divorce" law the "rehabilitative alimony" concept did not change the law with respect to permanent alimony in those cases in which it would be recognized as appropriate prior thereto. Permanent alimony is still viable to assist a wife to maintain a set standard of living, particularly one attained after 23 years of marriage such as here, notwithstanding a certain degree of "rehabilitation" on the part of the wife.[4] Furthermore, revisited in this light, such "rehabilitation" would be, of itself, an insufficient "change of circumstances" to warrant modification or reduction of alimony.[5]
In view whereof, the order appealed from should be, and it is hereby, reversed. Subsequent proceedings for modification should, of course, be predicated on future petitions for modifications and decided on principles not inconsistent herewith.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] The effective date of the "no-fault divorce" law, Ch. 61, F.S. 1973, was July 1, 1971, more than two years after the final judgment herein.
[2] See Friedly v. Friedly (Fla.App.2d, 1974), 303 So.2d 50; Carmel v. Carmel (Fla.App.3d, 1973), 282 So.2d 6.
[3] (Fla.App.2d, 1975), 307 So.2d 241.
[4] Cf. Hagen v. Hagen (Fla.App.3d, 1975), 308 So.2d 41.
[5] Cf. Osman v. Osman (Fla.App.3d, 1973), 280 So.2d 67.