334 So.2d 87 (1976)
Leonard E. ZEDECK, Appellant,
v.
Marcia ZEDECK, Appellee.
No. 75-2037.
District Court of Appeal of Florida, Third District.
June 8, 1976.
Richard Bergman, North Miami Beach, for appellant.
Stephen H. Butter, Miami, for appellee.
Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Leonard Zedeck appeals the denial of his motion for protective order in this action for dissolution of marriage.
On July 30, 1974 the parties executed a separation and property settlement agreement *88 resolving all financial matters between them, which agreement was to be incorporated into a dissolution of marriage judgment. Subsequently Leonard's wife, Marcia, filed a petition for dissolution and prayed that the alimony provisions of the agreement be modified on the ground that Leonard's income substantially increased from $58,401 in 1973 to $91,981 in 1974. She served Leonard with a notice of taking deposition and request for production of his personal books and records for the years 1972, 1973 and 1974, including all savings and passbooks, stocks, bonds, profit sharing statements, etc. Leonard filed a motion for protective order and argued that the allegations concerning his financial status are totally irrelevant since he has paid and Marcia has accepted substantial sums under the terms of the property settlement and she is bound by the agreement. The chancellor denied the motion and this appeal ensued.
As revealed from his income tax returns and financial statements, Marcia was fully aware of Leonard's financial worth at the time of the execution of the separation and property settlement agreement. In order to have this agreement modified or set aside, Marcia must allege and prove fraud, duress, deceit, coercion or overreaching on the part of Leonard in obtaining the agreement. See Haynes v. Haynes, Fla. 1954, 71 So.2d 491; Cowen v. Cowen, Fla. 1957, 95 So.2d 584; Sedell v. Sedell, Fla.App. 1958, 100 So.2d 639. Marcia merely alleges a change in circumstances by virtue of a substantial increase in Leonard's income subsequent to the time she entered into the agreement which is insufficient grounds for modification. See Haynes, supra; Markham v. Markham, Fla.App. 1969, 222 So.2d 759; Gilbert v. Gilbert, Fla.App. 1975, 312 So.2d 511.
The order denying Leonard's motion for protective order and allowing Marcia to take Leonard's deposition with respect to his financial status is reversed and the cause remanded for further proceedings. Before concluding, we wish to point out that Marcia may depose Leonard with respect to any other relevant matter not resolved by the separation and property settlement agreement.
It is so ordered.