341 So.2d 1064 (1977)
Shirley TAPLIN, Appellant,
v.
Sol TAPLIN, Appellee.
No. 76-1097.
District Court of Appeal of Florida, Third District.
February 1, 1977.
*1065 Snyder, Young, Stern, Barrett, Tannenbaum & Pallot and William L. Rogers and Paul R. Lipton, North Miami Beach, for appellant.
Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Shirley Taplin appeals an order denying her motion to dismiss the cross-petition of her former husband, Sol Taplin, seeking a reduction in alimony payments.
Shirley and Sol Taplin were divorced on May 29, 1962 and the judgment incorporated an agreement of the parties whereby Sol consented to pay $900 per month as alimony. On January 22, 1975 Shirley petitioned for an increase in alimony on the grounds that her needs were greater and Sol's income had substantially increased. Sol answered and filed a cross-petition to reduce the amount of alimony on the ground that Shirley has had ample time to rehabilitate herself and the law of Florida allows a wife only a reasonable time for rehabilitation; that such time has long passed and she can now support herself. Shirley moved to dismiss Sol's cross-petition for failure to set forth as sufficient grounds that there has been a substantial change in his ability to pay and/or in her needs. The chancellor denied her motion to dismiss and she perfected this interlocutory appeal.
A fundamental prerequisite to modification of alimony payments is a showing of substantial change in circumstances, including financial circumstances of one or both of the parties. Brown v. Brown, 315 So.2d 15 (Fla.3d DCA 1975). In addition, the rehabilitative thrust of the no-fault divorce law may not be retrospectively applied in the consideration of a petition for modification of alimony awarded in a decree entered prior thereto. Carmel v. Carmel, 282 So.2d 6 (Fla.3d DCA 1973); Mosher v. Mosher, 321 So.2d 450 (Fla.2nd DCA 1975). In his cross-petition for modification, Sol pled as the sole ground therefor the rehabilitative concept of the new no-fault divorce law and failed to allege the prerequisite substantial change in the circumstances of the parties. We, therefore, reverse the order of denial and remand the cause to the circuit court with directions to dismiss the cross-petition.
Reversed and remanded.