342 So.2d 1000 (1977)
Edith Sandra POPE, Appellant,
v.
Generoso POPE, Appellee.
Nos. 75-1903, 75-2206.
District Court of Appeal of Florida, Fourth District.
February 4, 1977.
John R. Young, of Hamilton, James, Merkle & Young, West Palm Beach, for appellant.
George H. Bailey, of Jones, Paine & Foster, P.A., West Palm Beach, for appellee.
DURANT, Jr., N. JOSEPH, Associate Judge.
This is an appeal from a final order denying modification of a final decree of divorce as it relates to an award of alimony and child support. The decree in question incorporated *1001 a separation and property settlement agreement by reference, which agreement established the original rights of the parties relative to the payment of alimony and support. The petition for modification was filed on behalf of the Wife, and was based on a substantial and material change in the financial circumstances of the parties.
The original decree of divorce was entered on June 28, 1963. The marriage of the parties had been of approximately three (3) years duration, with the termination being at the instance of the Husband, at about the same time the minor child of the parties, GINA MARIE POPE, was born.
The decree, and the agreement adopted therein, provided in 1963 for the payment of $2,500.00 a month in alimony to the Wife, and the payment of $416.66 per month for child support. These payments were expressly premised on an annual gross income in the Husband of $112,000.00 for the years 1961 and 1962. Proviso was made for a reduction in the Husband's obligation should his income of $112,000.00 have been reduced in the years thereafter. The agreement was silent with respect to any effect to be given to an increase in the Husband's income. The agreement and decree likewise provided ultimately for the Husband to furnish a home for the Wife and minor child to live in, with title to the homeplace to be retained by the Husband.
The above described agreement and final decree was sought to be modified on essentially two grounds, both reflecting material changes in the financial circumstances of the parties. The first was the substantial increase in income and salary realized by the Husband from 1963 to 1973. The second was the increased financial needs of the Wife and child evidenced principally by the erosion in the purchasing power of the dollar created by inflation, and the increased cost of supporting a child now some eleven years older than she was at the time of the final decree.
The record reflects that from a total income of $112,000.00 in 1963, as evidenced by the property settlement agreement, the Husband had a taxable income of $250,000.00 in 1973, together with the other benefits in car expense and chauffeur salaries.
Unlike the Husband, the appellant-wife's income has not increased since 1963. It remains at a total of $35,000.00 per year, with $5,000.00 of this allocable to child support. She is now 49 years of age and unemployed. She has not been employed since she was 19 to 20 years of age and has no special qualifications for employment. The record is devoid of any showing she has any viable opportunity for employment, and her health is deteriorating, both emotionally and physically.
GINA MARIE, the minor child, is now 12 years of age with all of the increased needs and demands of an active teenager. The cost of maintaining and providing for this youngster have materially increased since 1963. Indeed, the trial court conceded he would take judicial notice of this fact. The needs reflected by the Petitioner's affidavit, marked as Exhibit 24, are for the most part similar to the needs she had in 1963 as they relate to herself, but at vastly increased prices. It is obvious they cannot and are not being met by alimony and support awarded by the 1963 judgment.
Milton Redman, a professor of economics, testified that to obtain a like purchasing power to that afforded in 1963 by $30,000.00, one would in 1973 require some $51,000.00. Essentially there has been a rise of 68.3% in the cost of living on basic items, with an even larger increase on service items.
In the case of Chord v. Chord, 209 So.2d 281 (Fla.3d DCA 1968) the Court said:
"A petition to modify an award of alimony made in a final decree of divorce will not be granted except upon a showing in change of circumstances. Conversely, it may not be denied when the change is clearly shown." (Emphasis supplied).
And, in the case of Banks v. Graham, 252 So.2d 864 (Fla.3d DCA 1971), which involved a petition for modification of child support provisions, the Court held that where the plaintiff did establish a prima *1002 facie case, "the trial court abused its discretion in not making some award which increased the child support payments from defendant to the plaintiff."
In the case sub judice, the appellant-wife established more than a prima facie case, and, therefore, we must hold that the trial court erred in denying any increase in alimony and child support.
Having concluded that the trial court erred, we will not discuss the amounts of the award, but reverse the order with directions to the trial court to enter an order increasing the alimony and child support in such an amount as is justified by the change in circumstances of the respective parties.
REVERSED AND REMANDED.
DOWNEY and ALDERMAN, JJ., concur.