372 So.2d 189 (1979)
Donald L. GREENE, Appellant,
v.
Jean Barbara GREENE, Appellee.
No. 78-1944.
District Court of Appeal of Florida, Third District.
June 19, 1979.
Frates, Floyd, Pearson, Stewart, Richman & Greer and Ray H. Pearson, Miami, for appellant.
Melvin I. Muroff, Miami, and Eli Breger, North Miami Beach, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, respondent below, brings this appeal from an order entered by the trial court modifying the amount of alimony set forth in the final judgment of divorce between him and appellee, petitioner below. This order modified the final judgment of divorce to include $2000 per month as permanent periodic alimony. We reverse.
The final judgment of divorce in this cause was entered on October 29, 1970. In February of 1978, appellee petitioned the trial court, which pursuant to our opinion in Greene v. Greene, 256 So.2d 258 (Fla. 3d DCA 1972), reserved jurisdiction to award periodic alimony, to amend the final judgment of divorce to include $2000 per month as permanent alimony. The grounds for the petition were (1) that the original award of alimony did not contemplate the devaluation of the dollar's purchasing power; and (2) that the original award of alimony did not contemplate factors which made appellee unemployable, and without resources for the rest of her life.
The record reflects that the sole basis upon which the trial court increased the original award of alimony, by the amount of $2000 per month as permanent alimony, was that because of inflation and the reduction in the purchasing power of the dollar appellee was entitled to the increase. In making this determination, heavy reliance was placed on Pope v. Pope, 342 So.2d 1000 (Fla. 4th DCA 1977). We note that the record also reflects that appellee refused any inquiry into her financial needs, and that there was no evidence in regard to any change in appellant's financial circumstances.
*190 We agree with Pope that the loss in the purchasing power of the dollar is a factor to be considered in modifying an award of alimony; however, in our opinion, it is only one factor to be considered and, by itself, is insufficient to establish a change of conditions sufficient to justify an increase in an award of alimony. See generally Taplin v. Taplin, 341 So.2d 1064 (Fla. 3d DCA 1977); and Carmel v. Carmel, 282 So.2d 6 (Fla. 3d DCA 1973). Because the loss of the purchasing power of the dollar was the only factor shown in the instant case to justify the trial court's order increasing original award of alimony, the order must be reversed.
Reversed.