386 So.2d 1214 (1980)
Earl W. POWELL, Appellant,
v.
Janet P. POWELL, Appellee.
No. 80-175.
District Court of Appeal of Florida, Third District.
July 1, 1980.
Paul, Landy, Beiley & Harper and Lawrence R. Metsch, Miami, for appellant.
Mason & Meyerson and William John Mason, Miami, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
SCHWARTZ, Judge.
Powell appeals[1] from an order increasing from $2,700 to $3,500 per month the alimony provided his ex-wife in a 1976 final judgment which adopted an agreement between the parties.[2] We affirm.
Under Section 61.14, Florida Statutes (1977) and the established law which is incorporated into that statute, modification of a previous alimony award is justified by a meaningful change in the financial circumstances of either party, relating to the needs of the spouse receiving the alimony or the ability of the other spouse to pay. E.g., Chastain v. Chastain, 73 So.2d 66 (Fla. 1954); Lenton v. Lenton, 370 So.2d 30 (Fla.2d DCA 1979); Meltzer v. Meltzer, 356 So.2d 1263 *1215 (Fla.3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979); Brown v. Brown, 315 So.2d 15 (Fla.3d DCA 1975); Rogers v. Rogers, 229 So.2d 618 (Fla.2d DCA 1969); Chord v. Chord, 209 So.2d 281 (Fla.3d DCA 1968).
In this case, the order below is amply supported by the clear demonstration in the record that Ms. Powell's living expenses and financial needs have greatly increased since the final judgment was entered. As a result, she was required to secure employment as a teacher at a private school in order to preserve the standard of living she had previously been able to maintain without working outside the home. Since the increase in the wife's costs and needs was almost entirely caused by the ravages of inflation, however, Mr. Powell argues, relying on Greene v. Greene, 372 So.2d 189 (Fla.3d DCA 1979), that it cannot be considered as a basis for the upward modification of alimony. We reject this interpretation of the Greene decision. In Greene, the alimony award was erroneously modified in the trial court solely on the basis of a national increase in the cost of living without evidence that it had any adverse impact upon the wife's actual situation. Thus, there was a total absence of the required showing that there had been a change in the circumstances of a party, as opposed to an abstract and therefore essentially irrelevant change in the economy as a whole. See also, Stoler v. Stoler, 376 So.2d 253 (Fla.3d DCA 1979).[3] The result must be different, however, when, as in this case and Pope v. Pope, 342 So.2d 1000 (Fla.4th DCA 1977), which was approved in Greene, there is a specific demonstration of a resulting increase in the ex-spouse's financial needs. Greene surely did not hold, or even suggest, that this classic change of circumstances cannot be considered because the reason that more money is needed lies in the pernicious erosion of the value of the dollar with the effect that the sums originally provided simply cannot buy nearly so much as when the judgment was entered. The law is completely to the contrary of any such view. As was well-expressed in Desilets v. Desilets, 377 So.2d 761, 765 (Fla.2d DCA 1979), which was decided subsequent to and which cites Greene:
With regard to the wife, the record reflects a substantial change in circumstances since 1975 in two respects. First, as noted above, the wife is now virtually unemployable. Additionally, the alimony award of $100 per month set in 1975 has been seriously eroded by the increase in the cost of living produced by inflation; of this we may take judicial notice. Stanley v. Stanley, 158 Fla. 402, 28 So.2d 694 (1947); Pope v. Pope, 342 So.2d 1000 (Fla.4th DCA 1977); Forte v. Forte, 320 So.2d 446 (Fla.3d DCA 1975), cert. denied, 351 So.2d 406 (Fla. 1977); Annot., 18 A.L.R.2d 10 at § 5 (1951). In the cases cited, it was held that a rise in the cost of living is a change of circumstances which may be properly considered by a trial judge in increasing the financial obligations of a husband. [e.s.]
Concerning the opposite side of the change of circumstances coin, Powell stipulated that "he is presently able to pay . . such additional reasonable alimony" as may be directed by the court, thereby admitting that his ability to pay had also increased.[4] But he argues that this fact likewise cannot support the order under review. He cites Zedeck v. Zedeck, 334 So.2d 87 (Fla.3d DCA 1976) for this proposition.[5] As a result of our conclusion that the order must be sustained on the basis of the material increase *1216 in the wife's needs alone, we need not rule directly upon this argument, beyond noting that the stipulation satisfies the statement in Desilets, at 377 So.2d 765, that because "the erosion of the purchasing power of the dollar falls not only on the wife but on the husband, ... that factor alone might not justify an increase in alimony in the absence of a showing that the husband's ability to pay has increased. Greene v. Greene, 372 So.2d 189 (Fla.3d DCA 1979)... . [I]n this case, as we have already noted, there has been an increase in the ability of the husband to pay." We do observe, however, that the appellant's position is contrary to the Florida law on the subject, see, e.g., Firestone v. Firestone, 263 So.2d 223 (Fla. 1972); McArthur v. McArthur, 95 So.2d 521 (Fla. 1957); Lenton v. Lenton, supra; Terry v. Terry, 126 So.2d 890 (Fla.2d DCA 1961), cert. denied, 133 So.2d 321 (Fla. 1961);[6] and that his reliance on Zedeck is entirely misplaced. As already indicated,[7]Zedeck is based on the determination that the property settlement agreement involved there was not subject to modification because of any change of circumstances. See also Salomon v. Salomon, 196 So.2d 111 (Fla. 1967); Rubio v. Rubio, 347 So.2d 1093 (Fla.2d DCA 1977); White v. White, 338 So.2d 883 (Fla.3d DCA 1976). That principle has no application to this case, in which the agreement explicitly permitted the modification sought and secured below. See note 2, supra.
Affirmed.[8]
NOTES
[1] Fla.R.App.P. 9.130(a)(4).
[2] The agreement provided, inter alia, for ten years of monthly alimony payments, terminating January 1, 1986. It specifically stated that "[e]ither party shall have the right to petition the court for modification of alimony payments pursuant to Florida Statute 61.14, during the period of time that alimony shall be an obligation of the husband as set forth herein." Unlike such decisions as Pusey v. Pusey, 386 So.2d 269 (Fla.3d DCA 1980); Zedeck v. Zedeck, 334 So.2d 87 (Fla.3d DCA 1976), and the cases cited in Zedeck, there is therefore no question that the alimony award is in fact subject to modification.
[3] The consequence of a contrary ruling in Greene would have been the requirement of a virtually automatic adjustment in each existing alimony and support judgment, based solely on monthly changes in the consumer price index.
[4] By the stipulation, Powell admitted the allegation of the petition for modification that his ability to pay had materially changed for the better, and was able therefore successfully to resist the appellee's attempted discovery on that point. Alterman v. Alterman, 361 So.2d 773 (Fla.3d DCA 1978), cert. denied, 368 So.2d 1361 (Fla. 1979); see Jacobs v. Jacobs, 50 So.2d 169 (Fla. 1951); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla.3d DCA 1980).
[5] His position is that zero (Greene) plus zero (Zedeck) add up to zero.
[6] Of course, an increase in the husband's ability would not itself justify an upward modification of alimony if the wife's needs are already fully met either by the existing award or otherwise. See generally 10A Fla.Jur. Dissolution of Marriage § 53 (1973).
[7] Note 2, supra.
[8] Powell complains that the order under review "may have" provided for an extension of the periodic payments beyond the 1986 cut-off date provided in the agreement. Since the trial judge has not specifically so ruled, we do not now consider the appellant's contention that such a determination would be error. But see Markgraf v. Markgraf, 320 So.2d 27 (Fla.2d DCA 1975), cert. denied, 330 So.2d 726 (Fla. 1976); Cantor v. Cantor, 306 So.2d 596 (Fla.2d DCA 1975).