392 So.2d 298 (1980)
Linda PETERSEN, Now Known As Linda Cowan, Appellant,
v.
Henrik PETERSEN, Appellee.
No. 79-973.
District Court of Appeal of Florida, Fourth District.
December 17, 1980.
Rehearing Denied January 26, 1981.
*299 Andrew A. Graham, Cocoa, for appellant.
Vincent A. Lloyd of Lloyd & Brown, Fort Pierce, for appellee.
HURLEY, Judge.
Linda Cowan, the mother of Gregory and Stephanie Petersen, appeals the denial of her petition for modification wherein, due to the adverse impact of inflation, she requested an increase of child support from $30 to $60 per week. We reverse and remand.
Linda (now Cowan) and Henrik Petersen were married in 1964. They had two children, Gregory and Stephanie. Their marriage ended in divorce in 1969 and the final judgment of dissolution awarded primary custody of the children to the mother and required the father to pay the total sum of $30 per week as child support.
In 1978, nine years after the divorce, Mrs. Cowan filed a petition for modification of the final judgment of dissolution. She averred, in part, that she was "unable to properly provide for the children's welfare on $30 per week and Respondent is well able to afford to pay increased child support." Testimony at the hearing indicated that Mrs. Cowan had remarried but remained unemployed. She testified that Gregory and Stephanie, who were 4 and 2 at the time of the divorce, are now 14 and 12 and that $30 per week was simply insufficient to provide for their support. Mr. Petersen, in turn, admitted that he could afford a $20 per week increase and testified that his weekly salary had risen from approximately $235 in 1969 to $325 in 1979. Next, Mrs. Cowan's attorney introduced into evidence, without objection, a chart prepared by the federal Bureau of Labor Statistics which indicated that the purchasing power of the dollar had decreased substantially since 1969.
Considering Mr. Petersen's salary increase, the court reasoned "[t]hat inflation has affected Respondent's salary to the extent that his current salary is approximately the same as the former salary as far as buying power is concerned." Therefore, the court denied the request for an increase in child support, finding that "there has been no change in circumstance upon which a modification of child support could be based." We respectfully disagree.
*300 The court's reasoning is flawed in that it fails to consider the adverse impact of inflation on both parties. Though Mr. Petersen's purchasing power-despite salary increases-remains at the 1969 level, Mrs. Cowan's purchasing power has decreased substantially below the 1969 level. It is erroneous to consider one without the other; seen together, they establish a substantial change in one of the parties' circumstances. Moreover, in a proceeding for modification of child support, a court should consider evidence as to the increased needs of the children as well as the father's increased ability to pay. Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978). In the case at bar, there is substantial competent evidence of (1) the adverse impact of inflation; (2) increased needs of the children caused by their reaching adolescence; and (3) Mr. Petersen's increased income. Viewed collectively, these factors justify a finding of a change in circumstances sufficient to warrant an increase in child support. Addington v. Addington, 48 Ill. App.3d 859, 6 Ill. Dec. 859, 363 N.E.2d 151 (1977).
In Pope v. Pope, 342 So.2d 1000 (Fla. 4th DCA 1977), we announced the principle that loss in the purchasing power of the dollar is a relevant factor to be considered in modifying an award of alimony. See also Greene v. Greene, 372 So.2d 189 (Fla. 3d DCA 1979). The principle is equally applicable to modifications of child support. Further the proof in the case at bar did not limit itself to a general showing that the cost of living had risen throughout the nation. Mrs. Cowan's testimony was sufficient to demonstrate the adverse impact of inflation upon the original child support award. Thus, there was competent evidence that the national problem of inflation was related to this case in that the buying power of one of the parties was so reduced as to constitute a substantial change in circumstances. See Powell v. Powell, 386 So.2d 1214 (Fla. 3d DCA 1980).
Accordingly, the cause is REVERSED and REMANDED for further proceedings consistent with this opinion.
DOWNEY, J., concurs.
BERANEK, J., concurs specially.
BERANEK, Judge, concurring specially.
I concur specially for the purpose of noting that the modification in this case was based on the effects of inflation on the particular litigant and the increased salary of the former husband. I would not approve reliance upon national inflationary trends alone as a basis for modification. The particular exhibit in question which was presented to the trial court in support of the inflation argument was entitled, "Bureau of Labor Statistics, Washington, D.C. 20212 Consumer Price Index for Urban Wage Earners and Clerical Workers U.S. City Average: All Items-Series A." The document has 182 numerical entries, but to be frank, I am not at all sure how to interpret it. I have not the slightest idea that this document is particularly applicable to the situation presented in this case.