433 So.2d 1037 (1983)
Jeanne Marie FLYNN, Appellant,
v.
Patrick R. FLYNN, Appellee.
No. 82-1179.
District Court of Appeal of Florida, Fourth District.
July 20, 1983.
Bennett Oppenheimer, Fort Lauderdale, for appellant.
Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, and Kenneth W. Edwards, Palm Beach, for appellee.
HERSEY, Judge.
In support of her petition for upward modification of child support, appellant demonstrated the father's increased ability to pay and the present cost of supporting the two children. She did not, however, make a matter of record the previous cost of maintaining the children. Consequently, no basis was established for a finding of increased expenditures and the trial court approved the findings of a general master denying upward modification.
Where the amount of child support has been established by agreement, as here, the party seeking modification has a heavier burden than otherwise. Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981), dismissed, 402 So.2d 609 (Fla. 1981). While it may be assumed that a child's needs increase with age, Chord v. Chord, 209 So.2d 281 (Fla. 3d DCA 1980), that assumption is not to be accorded the status of a presumption supplanting the necessity for record evidence of increased need.
We have consistently held that an increase in the needs of the children is an important factor to be considered in connection with an application for increase in child support. Petersen v. Petersen, 392 So.2d 298 (Fla. 4th DCA 1981). On the other hand a change in the circumstances of the parties without reference to the increased needs of the children may also constitute a *1038 legitimate basis for an increase in the amount of child support. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979); Sherman v. Sherman, 279 So.2d 887 (Fla. 3d DCA 1973). cert. dismissed, 282 So.2d 877 (Fla. 1973). There was evidence before the general master to support an increase based upon a change in ability to pay. On this record, however, we are unable to conclude that denial of the application constituted a gross abuse of discretion.
There is an important distinction between reviewing an order granting modification and one denying modification of child support. Case law clearly reflects that an order granting an upward modification of support will be upheld on appellate review provided it is supported by substantial competent evidence of either the parent's increased ability to pay or the child's increased needs. Andary v. Andary, 220 So.2d 687 (Fla. 4th DCA 1969). See Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978); Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). This assumes, of course, that it is also found that the paying parent has the financial ability to make the increased payment.
Any element of change is deemed to support the trial court's modification order because the discretion vested in the trial court necessitates a wide latitude. The court's discretion to deny modification is correspondingly broad. Accordingly, while a single element of change is sufficient to support a lower court determination that modification is appropriate, considerably more is required in order to overturn a denial of modification. See, e.g., Petersen v. Petersen, supra.
In Petersen there was substantial competent evidence of increased ability of the non-custodial parent to pay, increased need of the children for support, and inflation related factors resulting in decreased ability of the custodial parent to support the children. Denial of increased child support on those facts constituted abuse of discretion.
Thus, while a showing of previous cost is not an essential predicate to modification, it will ordinarily be a necessary part of the predicate for establishing an abuse of discretion by the trial court.
In passing we point out that when the custodial parent seeks upward modification of an award for child support it would be helpful to the trial court and would undoubtedly improve the movant's chances of obtaining the desired relief if, in addition to offering evidence to demonstrate improved ability to pay, proof was adduced to show each of the following, where applicable:
(1) An increase in the needs of the children;
(2) The insufficiency of the initial award, based upon the ability to pay at the time of the award, to meet the needs of the children even at that time; and
(3) The disproportionate ratio between the current standard of living of the children provided by the existing award of child support and the paying parent's current standard of living made possible by increases in income, assets, or both.
Based on the facts in this record we do not find any abuse of discretion by the trial court and, therefore, affirm the denial of modification without prejudice to refiling such a petition when the circumstances warrant.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.