520 So.2d 699 (1988)
Junetta E. ENGLAND, Appellant,
v.
Alfred I. ENGLAND, Appellee.
No. 87-0484.
District Court of Appeal of Florida, Fourth District.
March 2, 1988.
*700 Victoria L. Semora of Victoria L. Semora, P.A., Hollywood, for appellant.
Janis Felder Carlson of Janis Felder Carlson, P.A., Hollywood, for appellee.
ANSTEAD, Judge.
This is an appeal from the trial court's denial of the request of appellant, Junetta E. England, for an increase in permanent periodic alimony. We reverse.
An award of permanent periodic alimony should be modified only upon a clear showing of a change in the financial circumstances of the parties. Conversely, modification should not be denied when the change is clearly shown. Powell v. Powell, 386 So.2d 1214 (Fla. 3d DCA 1980). Modification may be granted based upon a substantial change in the ability to pay of the party required to pay support or by a substantial change in the needs and ability to meet those needs of the party receiving alimony. Id. Of course, alimony should not be increased absent a demonstration of need for increased support and the other spouse's ability to respond to that need.
Junetta and Alfred England were divorced in 1967 after an 18-year marriage. Junetta has a high school education and did not work outside her home during the marriage. During the marriage, Alfred was a naval officer and Junetta was a housewife. At the time of the divorce, Alfred England was recently retired with a Navy pension of $521 a month. In the final judgment of dissolution, Junetta was awarded $75 a month in permanent alimony in addition to $250 a month support for their three minor sons. For almost five years after her divorce she worked as a bookkeeper until she was terminated in 1979. Subsequently, she was hired to do light bookkeeping at Hollywood Federal Bank. She testified that she was unable to do her job there quickly enough and resigned her position before she was fired. Thereafter she claims that her efforts to find another job were futile and she has not worked since that time although she testified that she volunteers her services on a weekly basis to teach Sunday school at her church.
At the time of the modification hearing, Junetta was 65 1/2 years old. She owns her $40,000, 2-bedroom, 1-bath home free and clear. Her assets including her home total $41,147. She is unable to support herself on her income of $345 which is comprised of $175 in social security, $95 for a government subsidy (which Alfred describes as a Government stipend for their adult son), and $75 in alimony. In addition to that income, she receives $100 a month from her son Roger for his portion of the food expenses. The couple's now-unemployed 30-year-old son Roger has lived with Junetta for some years. She has no life or health insurance and although she is entitled to Medicaid benefits, she claims that in her experience, no doctors in her area will treat her as a Medicaid patient without additional medical benefits. In addition, she notes that her Medicaid benefits will terminate if her income is increased. She is apparently in good health except for needing an estimated $1000 worth of dental work.
Junetta testified that she and her son are unable to afford to buy meat or to eat out. *701 Their diet is limited to beans, rice and the bread that she makes at home. Junetta cannot afford to own a car so her son must act as her chauffeur. She testified to owning only three dresses, having no carpet in her home, and needing draperies to replace those which her mother had used in her own apartments and which have been on Junetta's windows for 17 years. In short, Junetta testified that she is without "many, many things that many of [her] family and people [she knows] are used to."[1]
Alfred England apparently enjoys a very different lifestyle. At the time of the hearing, he was 63 and has never remarried. His Navy pension had increased from the $521 a month he was receiving at the time of final judgment to $1751 a month. His 10-page financial affidavit reveals that in addition to his pension, he receives $350 a month in social security benefits, income from a part-time job as insurance investigator of $130 a month, $48 in dividends, and $100 in rent for a total gross income of $2362 and a total net income (less tax and other deductions) of $1807.67. He shares a private home and shares living expenses with the owner. He eats out nearly every meal except for an occasional breakfast. His monthly expenditures include such items as 2 season tickets to both the Theater of the Performing Arts and the University of Miami Theater, charitable donations of $20 a month, gift expenditures of $80 a month, and $50 a month for clothes. In addition, he took one son to Hawaii on vacation, paid for part of one son's wedding and bought one son a car and paid to deliver it to him in Georgia. He testified that his $30 a month expenditure on "recreation" covers activities like bowling, ballgames and the like. Alfred's assets include a stamp collection, a 1981 Plymouth, nearly $5000 cash in various bank accounts, plus $9000 in an IRA account, a one-half interest (worth $10,000) in stocks held jointly with his sons which he gave them as gifts. His Navy benefits entitle Alfred to government-paid medical exams, treatment and medicine. In addition, he carries dental insurance and nursing home insurance. He has life insurance policies but was unsure of their cash value. Alfred testified that two-thirds of his Navy pension was earned during his marriage with Junetta. At trial, Alfred testified that he had a negative net income of $473 a month.
In written closing argument submitted to the general master below, Alfred suggested that if his ex-wife is entitled to any increase in alimony, it should be limited to 14% of his monthly income so as to be consistent with the ratio that the original $75 alimony bore to his $521 monthly income at that time. This argument was advanced at trial and Alfred testified that under that formula Junetta would be entitled to no more than "about $260/month" rather than the $75 she has been receiving. After the hearing and review of counsels' written closing arguments, the general master denied relief to Junetta noting erroneously that "testimony exposed other income available to Petitioner." The general master specifically found that Alfred had the ability to pay additional support but concluded that there had been no substantial change of circumstances to warrant a modification.
As has already been noted, to succeed in a motion to increase an alimony award, it is only necessary for a petitioner to prove either an increase in need or the ability to pay. Powell. In our view there is no question that the facts reflect both a substantial increase in Alfred's ability to pay alimony and a substantial increase in Junetta's need for alimony. We believe the special master and trial court erred in failing to act in the face of this undisputed evidence. At the time of final judgment in 1967, Junetta was receiving $250 a month in child support plus $75 a month in alimony. As her children reached majority, her child support was terminated. The record shows that for five years after her divorce, she was able to support herself and worked full time. Subsequently, she was assisted *702 financially by her son Roger. Roger was paying $375 a month rent while he was employed in addition to giving her money that she needed for her own taxes and insurance. About six years ago Roger lost his job and Junetta testified that he has been unable to work since then due to various medical problems.[2] Apparently, he was able, however, to continue contributing to Junetta's household expenses out of his savings. Alfred testified that he suspects the petition for modification was filed because Roger has run out of money with which to help support his mother and she is now turning to Alfred for more money.
While there was no actuarial evidence presented below, we can take judicial notice of the fact that the value of $75 today is far less than what it was in 1967. On that basis alone, coupled with Alfred's increased income, it would seem that the court should have found a significant change of circumstances even without a showing of specific instances of Junetta's increased needs since her income other than alimony has decreased appreciably. The record does indicate an increase in need, however. Junetta is now nearly 66 years old, without any kind of insurance except Medicaid, lacks sufficient money to maintain a car, relies heavily on her 30-year-old son for transportation and for repairs around the house, and until recently for significant financial assistance. At her age, without a car and with only light bookkeeping skills, it is apparent that she is no longer in a position to support herself. Critically, even allowing for the special master's superior vantage point as to credibility, there is no evidence in the record to suggest otherwise.
She and her ex-husband were fortunate in having a son who was previously filling the financial gap in her expenses that her nominal alimony award was leaving. At trial and on appeal, Alfred's counsel has questioned Junetta's right to seek alimony when she has a 30-year-old son living with her rent-free. That position appears to be based on the incorrect premise that, but for their son's indolence in being unable to offer continued financial support to his mother, Alfred would be immune from the obligation to support his ex-wife. There is clearly no legal authority for that line of reasoning.
Accordingly, we hold that the trial court's approval of the general master's denial of modification of alimony was erroneous based on the lack of sufficient competent record evidence to support a finding of no significant change of circumstances. This case is remanded to the trial court for a determination of the amount of the increase in alimony to be paid.
DELL and STONE, JJ., concur.
NOTES
[1] Added to her needed expenditures are the following items around her house: repairs to the drain field and the air conditioner, a heater, an additional $20 a month above the $45 that appears on her financial affidavit as her expense for electricity, $12 a month for water and sewer which was omitted from her financial affidavit, insulation, paint and materials, and a lawn mower.
[2] Before his health deteriorated, Roger was employed as an auto mechanic. Although no medical testimony was offered at trial, Junetta testified that Roger's Uncle Jack, who is a doctor, has examined her son and has diagnosed a tumor on his neck. Junetta also testified that she has witnessed her son having terrible back problems and heart palpitations after he does any kind of work. In addition, she told the court that she has "seen him have at least up to a cup of blood in the toilet." She said her son does not have money to obtain medical treatment. She indicated that he contributes to the maintenance of the household by doing some plumbing and electrical work, carpentry and painting. Roger has not yet applied for any kind of unemployment, disability or welfare benefits. Alfred offered no evidence to show that Roger was capable of regular employment.