313 So.2d 64 (1975)
Marsha HICKS, Appellant,
v.
Ed Lamar HICKS, Appellee.
No. 73-1480.
District Court of Appeal of Florida, Fourth District.
May 23, 1975.
Charles R. Trulock, Jr., of Law Offices of Howard Reiss, Orlando, for appellant.
Robert B. White, Jr., of Best & Sears, Orlando, for appellee.
DOWNEY, Judge.
The final judgment of dissolution entered June 7, 1973, incorporated a written agreement of the parties providing, inter alia, for the appellee-husband to pay $240.00 per month child support. Each party acknowledged that he or she had made a full disclosure, understood all the terms and conditions of the agreement, and accepted same without coercion or undue influence.
Four months later appellee filed a petition for modification. His amended petition prays for a reduction in child support and visitation privileges on the grounds that: "... the facts and circumstances relied upon at the time he consented to the form and content of said settlement agreement failed to include consideration of the financial burden to which said settlement agreement has subjected him. Furthermore, Respondent was without the benefit of competent legal counsel either prior to or during the negotiations and execution of said settlement agreement, and that he consented to the terms and conditions of said agreement without a full and fair understanding of the extent to which *65 he would be subject to the liberal exercise of unbridled discretion by Petitioner concerning his rights of visitation of the minor child, and the incurring of medical and dental expenses for said minor child by Respondent." Although appellant continually maintained the petition stated no grounds for modification, the trial court denied her motion to dismiss. After hearing the testimony of the parties the court modified the final judgment by reducing the amount of child support and specifying certain times and places for visitation rights. The court also denied appellant's application for attorney's fees.
In our judgment the amended petition failed to state any change in conditions warranting modification of child support. At best appellee alleged that he agreed to pay too much child support. No doubt many a husband has had such Monday morning pangs when time demonstrates the difficulty in meeting his contractual obligation. However, such pangs do not constitute grounds for modification. Nor, in this context, is lack of advice of counsel such a ground; surely, a husband does not need a lawyer to advise him on the amount he should pay for child support.
Appellee now suggests that in any event the amended petition should suffice as a motion to vacate under Rule 1.540, RCP. We disagree and hold the allegations are totally inadequate for the court to have proceeded under that rule.
Appellant also complains of the trial court's refusal to award her attorney's fees in the proceeding below. After reviewing the assets, income, and responsibilities of the respective parties we feel it was an abuse of discretion to deny appellant attorney's fees for the services of her counsel in defending appellee's attempt to reduce the award of child support.
Accordingly, that portion of the order appealed from fixing visitation privileges is affirmed. The provisions of said order reducing child support from $240.00 per month to $180.00 per month and denying appellant's prayer for attorney's fees are reversed. The cause is remanded with instructions to reinstate the child support provisions of the final judgment and to determine reasonable attorney's fees for appellant for the services of her counsel both in the trial court and on this appeal.
Affirmed in part and reversed in part.
OWEN, C.J., and CROSS, J., concur.