330 So.2d 489 (1976)
Grant C. HOLT, Appellant,
v.
Sheila C. HOLT, Appellee.
No. 75-737.
District Court of Appeal of Florida, Fourth District.
April 15, 1976.
Douglas C. Fulton, West Palm Beach, for appellant.
*490 Edward G. Stephany, Marko, Stephany & Lyons, Fort Lauderdale, for appellee.
SCHULZ, GEORGE E., Associate Judge.
This case comes to the court subsequent to a final judgment of dissolution of marriage of the parties, which was followed by an order of modification relative to child support. It is from the modification order of the court below the appellant/father brings this appeal.
At the time the parties' marriage was dissolved (1972), the appellant was ordered to pay $110 per month for each child, there being two minor children of the marriage and custody of them was granted to the appellee/mother.
It appears from the record that one of the children, namely, Michelle, became married after the marriage of her parents was dissolved and lived separate and apart from her mother. The father did not have knowledge of these events and continued to pay $110 per month to the appellee toward Michelle's support even though she was emancipated. The appellant seeks credit for an overpayment of child support. This is not in dispute except as to when Michelle became emancipated. It appears the parties agreed that the amount of $600 was overpaid. We concur the appellant is entitled to this credit, and so order.
Now with respect to the other child, Lance, who was thirteen years old in 1972, the appellant seeks relief from the modification order which provides for additional support monies for the boy from $110 to $200 per month, and a reimbursement to appellee for special schooling provided by her for Lance. In regard to the schooling, the appellant agreed orally to pay a part of the special schooling for his son. This was not by court order, but was voluntary participation on the part of the father, and never agreed to in writing. See, Rule 1.030(d) RCP. Further, the evidence fails to show an increased ability to pay on the part of the appellant. Therefore it was error to assess special schooling costs against the father, and we vacate that part of the modification order which provides for arrearage and the $100 a month for the 1974-75 school year.
We find no quarrel with the increased child support for Lance who is now older with greater needs, and considering the appellant has been relieved of supporting his daughter Michelle.
We further agree appellee is entitled to reasonable attorney fees and costs ordered by the trial court, but deny attorney fees and costs to appellee in this court.
REVERSED and REMANDED.
CROSS and DOWNEY, JJ., concur.