417 So.2d 318 (1982)
Karl F. WENZ, Jr., Appellant,
v.
Martel COLLINGS, F/K/a Martel Wenz, Appellee.
No. 81-1490.
District Court of Appeal of Florida, Fifth District.
July 28, 1982.
*319 Fred Denius of Fred Denius, P.A., Indialantic, for appellant.
James R. Dressler, Cocoa Beach, for appellee.
COBB, Judge.
This is an appeal from an order of the trial court modifying a child support provision and granting a partial attorney's fee to the movant below, Martel Collings. The background leading up to the entry of the trial court's order was: Karl and Martel Wenz entered into a property settlement agreement in 1972, which provided for Karl Wenz to pay $125.00 per month for each of two minor children until they reached eighteen years of age. Subsequently, this agreement was incorporated into the judgment of dissolution.
In March, 1981, Martel, who had subsequently married a man named Collings, filed a petition for modification citing, inter alia, the fact that one child had reached majority, an approximate 25% increase in her ex-husband's income subsequent to dissolution, and the increased needs of the remaining minor child occurring subsequent to the entry of the original judgment. The order herein appealed, which provided for an increase in child support to $300 per month for the remaining minor child, was entered by the trial court following a hearing on October 5, 1981.
Both Karl Wenz and Martel Collings filed financial statements before the trial court at the modification hearing. Karl Wenz placed his average gross income at $800 per week, and listed his assets at $103,345 with liabilities of $60,000. Since the dissolution, his gross salary had increased from $30,036 to $41,600. Martel Collings, who was earning approximately $6,500 to $7,000 per year at the time of the dissolution of her marriage to Karl, had a present gross income as a mathematician of approximately $18,500. Additionally, she received economic benefits and advantages from her remarriage to Collings, who has an approximate annual income of $20,000.
The increase of child support ordered by the trial court means that the father, who now has the legal obligation to support only one minor child rather than two, is obligated to provide $3,600 per year toward the support of the remaining minor daughter. His present gross annual income is in excess of $41,000. Under these circumstances, together with evidence indicating an increased need on the part of the minor child, we cannot find that the trial judge abused her discretion in granting the modification petition. See Petersen v. Petersen, 392 So.2d 298 (Fla. 4th DCA 1980).
The award of partial attorney's fees to the ex-wife, however, is another matter. As stated in Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980), "the purpose of section 61.16, Florida Statutes, was to ensure that both parties will have similar ability to secure competent legal counsel." In the instant case, the evidence is clear that the parties had similar abilities to secure *320 competent legal counsel insofar as their respective financial positions stood at the time of the modification hearing. No award of an attorney's fee was necessary to avoid "an inequitable diminution" of the ex-wife's economic status or security. See Canakaris, 382 So.2d at 1205. This is not a situation comparable to that in Patterson v. Patterson, 399 So.2d 73 (Fla. 5th DCA 1981), wherein one party was forced to seek enforcement of a court order by the delinquency of the other party.
Accordingly, we affirm the order of the trial court insofar as it increased the award of child support for the minor daughter of the parties, and we reverse the award of a partial attorney's fee to the ex-wife.
AFFIRMED in part; REVERSED in part.
DAUKSCH, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents in part with opinion.
FRANK D. UPCHURCH, Jr., Judge, dissenting in part.
I respectfully dissent in part. I do not think that the award of partial attorney's fees in this instance was an abuse of discretion. See, e.g., Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980). The husband's assets and income were more than twice those of the wife. I would affirm the order of the trial court in toto.