423 So.2d 995 (1982)
Mary Lee BROOKS, Appellant,
v.
Francis Elton BROOKS, Jr., Appellee.
No. 82-360.
District Court of Appeal of Florida, Third District.
December 28, 1982.
*996 Burnett Roth, Miami Beach, for appellant.
Beckham & McAliley and George E. Schulz, Jr., Jacksonville, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
Appellant Mary Lee Brooks appeals from an order denying her motion for modification of the alimony and child support provisions of the final judgment of dissolution of the parties' marriage.
On June 14, 1976, during the pendency of the dissolution action, an agreement was entered into between the parties. The agreement, which was later incorporated by reference into the final judgment, provided, inter alia, that the husband [appellee] pay to the wife for her support and maintenance the sum of $200.00 per month, as and for rehabilitative alimony for a term not to exceed five years, at which time alimony would cease. It further provided that the husband pay to the wife as and for the support of the two minor children of the parties, the sum of $200.00 per month per child, until each child reached the age of eighteen. As additional support, the husband agreed to provide medical care and hospital expenses and limited dental expenses. He also agreed to pay for the college education or professional training of the children, if his finances permitted.
Appellant's petition for modification alleged that in view of the increase in age of the children and the inflationary spiral of living expenses it was impossible for the children to be maintained and supported properly with the amount of support provided for in the agreement; that her circumstances had deteriorated, and the husband's financial circumstances had improved to the extent that he should be required to increase his support payments for the minor children. It was further alleged that the appellant had not been able to rehabilitate herself so as to properly provide for her support, even though she had two jobs. She therefore requested that the court order a continuance of the payments required for alimony and maintenance, which payments had expired.
Error has not been demonstrated as to the trial court's refusal to extend alimony payments to the appellant. Where the amount of alimony payments is fixed not by the court, but by agreement between the parties, the one seeking to modify the amount of alimony has a heavy burden. Appellant has not met this burden. Pusey v. Pusey, 386 So.2d 269 (Fla. 3d DCA 1980); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA), petition for review denied, 392 So.2d 1378 (Fla. 1980); Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973).
It is not the function of this court to substitute its judgment for that of the trial court in the absence of a finding that the trial court abused its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976). We find no such abuse of discretion.
However, with respect to the trial court's denial of increased child support, we find error and reverse. In 1976, when the amount of child support was set, the children were seven and nine years old. At this time they are thirteen and fifteen. As they have grown older, the cost of their support has risen and the purchasing power of the dollar has declined, while the income of the husband has increased from $26,135 to $35,400. It is true that the husband has incurred some additional debts since 1976, but there is evidence showing that his income has increased to the extent that he can afford to provide additional support for the children. Therefore, we have concluded that the trial court's failure to increase the child support payments constituted an abuse of discretion. Jelke v. Jelke, 233 So.2d 408 (Fla. 3d DCA), cert. denied, 238 So.2d 107 (Fla. 1970).
*997 The order appealed is reversed insofar as it denies additional child support and the cause is remanded to the trial court with directions to increase the amount of child support from $200.00 per month per child to $250.00 per month per child, effective as of the date of this opinion. In all other respects the order appealed is affirmed.
Affirmed in part, reversed in part and remanded with directions.