427 So.2d 353 (1983)
Susanne E. WANSTALL, Appellant,
v.
Donald P. WANSTALL, Jr., Appellee.
No. 82-377.
District Court of Appeal of Florida, Fifth District.
March 2, 1983.
Carroll S. Barco, Orlando, for appellant.
C. Jeffery Arnold, of Arnold, Matheny & Eagan, P.A., Orlando, for appellee.
*354 SHARP, Judge.
This is an appeal from denial of a petition for modification of child support. We reverse and remand because the trial court misconstrued the law on modifiability of a child support agreement and because the record supports an award of increased support.
The parties were divorced in 1976, and their separation agreement was incorporated into the final judgment. The agreement included a provision for $220.00 monthly support for the child who was a year old at that time. The wife filed a petition for modification of child support in 1981, when the child was six years old. At the hearing on the petition for modification, the trial judge said:
Now, its true that if you had come on on an uncontested basis today, I would be awarding you per month exactly what you are asking, another $50 a week, probably, but the problem is that these agreements, once they are made, just can't be adjusted as time goes on and as children grow older and need more shoes and food and education and those things. We have to live with the deal which, by hindsight, you know, might not be as good as we would have done, had we had a chance to do it again, but that's just, I am afraid, the way it is, so I have got to deny the Petition of the wife for the modification.
A court which enters an order requiring one or both parties to make child support payments has continuing jurisdiction to modify the amount or terms of the payment, whether the source of the obligation was a court order or an agreement between the parties approved by the court. § 61.13, Fla. Stat. (1981).[1] Section 61.14, Florida Statutes (1981),[2] specifically provides for the modification of child support agreements on the basis of changed circumstances of the parties or when the beneficiary child reaches the age of 18.
Despite his conclusion that the agreement could not be modified, the trial judge went on to find there were no changed circumstances to justify modification. The court did not specifically state its reasoning on this point, but it appears the basis for its conclusion was the fact that the wife's income had increased by a larger percentage *355 than the husband's since the dissolution. At the time of the dissolution the wife's monthly income was $356.32, and the husband's monthly income was $1,028.38. At the time of modification hearing, the wife's monthly income, excluding child support, was approximately $717.69, and the husband's monthly income was $1,685.74. Although the wife's income increased by a larger percentage, comparing the parties' disparate incomes on the basis of percentage increases is like comparing apples and oranges.
A child is entitled to enjoy the mode of living that the parents set for themselves. Slimer v. Slimer, 112 So.2d 581 (Fla. 2d DCA 1959). The child's standard of living may not be relegated to the standard set by the parties during the marriage. It is entitled to share the good fortune of both parents.
In this case, appellant established a prima facie case for an increase in child support due to a change in circumstances. There was undisputed evidence concerning the effect of inflation and the appellee's increased income. There was also testimony that the cost of support for the child had increased due to his age. The trial judge took judicial notice of this increase in costs when he noted that, as children grow older, they need more things.[3] Since none of these proofs were challenged by the husband, an increase in child support should have been ordered. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978); see also Brooks v. Brooks, 423 So.2d 995 (Fla. 3d DCA 1982).
For the reasons stated in this opinion we reverse the judgment and remand this proceeding to the trial court for entry of an order increasing the child support in an appropriate amount.
REVERSED AND REMANDED.
BROWNLEE, JACKSON O., Associate Judge, concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
While I agree the trial court erred in its determination that it had no authority to increase the child support, I disagree that we should order an increase. The better route to take, I think, is to remand the case for a present determination as to whether an increase is warranted and, if so, how much.
NOTES
[1] a proceeding for dissolution of marriage, the court may at any time order either or both parents owing a duty of support to a child of the marriage to pay such support as from the circumstances of the parties and the nature of the case is equitable. The court initially entering an order requiring one or both parents to make child support payments shall have continuing jurisdiction after the entry of such initial order to modify the amount of the child support payments, or the terms thereof, when such is found to be necessary by the court for the best interests of the child or children, when the child or any one of the children has reached the age of 18 years, or when such is found to be necessary by the court because there has been a substantial change in the circumstances of the parties. The court initially entering a child support order shall also have continuing jurisdiction after the entry of such order to require the person or persons awarded custody of the child or children to make a report to the court on terms prescribed by the court as to the expenditure or other disposition of said child support payments.
§ 61.13(1), Fla. Stat. (1981).
[2] the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed or the child or children who are beneficiaries of an agreement or court order as described herein have reached the age of 18 years since the execution of such agreement or the rendition of the order, either party may apply to the circuit court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
§ 61.14(1), Fla. Stat. (1981).
[3] Although we do not encourage attorneys to present inadequate proof on this point, judicial notice of such increase may be proper under section 90.202, Florida Statutes (1981):

90.202. Matters which may be judicially noticed.
* * * * * *
(12) Facts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.
§ 90.202(12), Fla. Stat. (1981).