SHARP, Judge.
The former husband appeals from a final judgment in a dissolution case. He argues that the lower court’s award of $100.00 per week for support of the minor child, its award of $800.00 per month permanent alimony to the appellee, its division of marital property by way of equitable distribution, and its award of costs and attorney’s fees to appellee was an abuse of discretion. We affirm.
The parties in this case had been married for twenty years and they had two children. At the time of the dissolution the wife was not employed outside the home; nor had she been since the parties married. This was because she elected to fulfill the traditional role of wife and mother and also because her husband did not want her to work outside the home. She was forty-four at the time of the dissolution. Prior to the marriage she had worked a short time as a bookkeeper, and the trial judge speculated that at best she might be able to earn a maximum of $7,000.00 to $8,000.00 a year. The court divided the marital assets roughly in half, but the assets awarded to appellee were not income-producing.
The amount of the husband’s actual net earnings were in dispute: between $30,-080.00 and $37,000.00 per year. The trial court remarked that the husband’s current income from his recently commenced solo law practice was below his past level of earnings and below his real potential. The court said it intended to award combined child support and alimony of approximately thirty-eight percent (38%) of appellant’s net income — a percentage within currently established guidelines.
The judgment appears to us to fall within the bounds of judicial discretion accorded to trial courts in dissolution cases. Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983); Conner v. Conner, 439 So.2d 887 (Fla.1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981); McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977). Accordingly, we
AFFIRM.
FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, J., dissents, without opinion.