448 So.2d 1228 (1984)
Marjorie E. KOZELSKI, Appellant,
v.
Charles KOZELSKI, Appellee.
No. 83-1707.
District Court of Appeal of Florida, Second District.
April 25, 1984.
Anthony A. Accorsi, Avon Park, for appellant.
Charles Kozelski, pro se.
RYDER, Judge.
Marjorie Kozelski appeals from the final order of the trial court dissolving the marriage between Marjorie and Charles Kozelski. We hold that the trial court erred by not awarding permanent periodic alimony to Mrs. Kozelski, and by awarding to her an insufficient amount of child support.
The parties were married in December 1965. One child was born of the marriage in 1966. The wife had worked in a factory prior to the marriage; after marriage, she was a housewife and mother, and also worked occasionally in the husband's restaurants. Both parties had gainful employment after they moved from Ohio to Florida. At the time of the final hearing, the husband's net weekly income was over $240.00, while the wife's gross monthly income was approximately $312.00.
In the final judgment, the trial court awarded the exclusive use and possession of the marital residence to the wife until the emancipation of the parties' minor child. Each party was ordered to pay one-half of the mortgage, taxes, insurance premiums, maintenance and upkeep of the residence. The court awarded to the wife a special equity in the residence in the amount of $20,000.00. Other property was also distributed. Additionally, the trial court ordered Mr. Kozelski to pay $37.00 per week child support, attorney's fees, and court costs.
Mrs. Kozelski has argued that the trial court should have awarded to her permanent periodic alimony. In light of the facts presented, including the parties' respective incomes and needs, and pursuant to the standards enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we hold that the trial court erred by not awarding permanent periodic alimony to Mrs. Kozelski. On remand, the trial court is to reconsider the evidence, particularly relating to the ability of the husband to pay and the needs of the wife, and the standards provided in Canakaris, and shall award to Mrs. Kozelski a reasonable amount of permanent periodic alimony.
The former wife has also argued that the trial court abused its discretion in ordering only $37.00 per week child support. Again, considering all of the facts and circumstances of this case, we must *1229 agree that the amount of child support awarded is inadequate. Upon remand, the trial court shall reconsider the amount ordered as child support. See Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982); Johnson v. Johnson, 367 So.2d 695 (Fla. 2d DCA 1979).
We have considered the arguments presented by the wife challenging the amount awarded to her as attorney's fees. It was within the trial court's discretion to determine a reasonable amount of attorney's fees based upon its "evaluation of all relevant factors." Knott v. Knott, 395 So.2d 1196 (Fla. 3d DCA), petition for review denied, 411 So.2d 383 (Fla. 1981). We find that there was no abuse of discretion by the trial court in the award of attorney's fees.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
HOBSON, A.C.J., and LEHAN, J., concur.