MILLS, Judge.
Barbara Lou McIntosh appeals from a final judgment of dissolution of marriage. She alleges as error the award by the trial court of only $400 per month permanent alimony and the failure to award her the marital home as lump sum alimony. She further alleges that the amounts awarded as attorney’s fees were inadequate. With the exception hereafter stated, we affirm.
Permanent periodic alimony is used to provide the needs and necessities of life to a former spouse as they have been established by the marriage of the parties. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The court must consider the need of one spouse for the funds and the ability of the other to provide them. Cana-karis. While the record demonstrates Mrs. McIntosh’s need, we must find that it also contains competent substantial evidence to support the trial court’s finding that her spouse’s ability to pay extends only to the amount of $400 per month. Since “[i]t is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence,” but rather to determine if “the judgment of the trial court is supported by competent substantial evidence,” Kuvin v. Kuvin, 442 So.2d 203, 206 (Fla.1983), we must affirm on this issue.
In granting lump sum alimony, the trial court should be guided by all relevant circumstances to insure equity and justice between the parties. We cannot say from the record before us that the trial court abused its discretion in denying the lump sum alimony requested by Mrs. McIntosh. She has received in excess of $14,000 cash as a lump sum award and, in addition, is a tenant in common with her ex-spouse of the approximately $151,000 worth of real property possessed by them during the marriage. Finally, even should this court agree that Mrs. McIntosh was shortchanged by the awards made by the trial court, the Florida Supreme Court has found this to be an issue of fact, the determination of which is beyond the scope of appellate review. Conner v. Conner, 439 So.2d 887 (Fla.1983). We therefore affirm.
The reasonableness of attorney’s fees is an issue of fact to be determined by the trial court. Conner. However, with regard to the attorney’s fee of $3,000 requested for services of Mrs. McIntosh’s counsel during her second appeal, 432 So.2d 176 (Fla. 1st DCA 1983) appealing after remand 393 So.2d 582 (Fla. 1st DCA 1981), the trial court found, in an order entered prior to this final judgment awarding $1,500 of this amount, that $3,000 was a reasonable fee for those services, that Mrs. McIntosh could not pay it and that her spouse could. No evidence to the contrary appears in the record. Therefore, no competent evidence supports the trial court’s refusal to award the remainder of the fee. We reverse and remand with instructions to award the remaining $1,500.
With regard to the $350 fee awarded for services since the second appeal, it was not an ipso facto abuse of discretion to award a fee less than the affidavit offered by Mrs. McIntosh, even though no opposition was made. Crispin v. Crispin, 411 So.2d 218 (Fla. 3d DCA 1982). It was within the trial court’s discretion to determine the amount of the fee based on its evaluation of all relevant factors, Kozelski v. Kozelski, 448 So.2d 1228 (Fla. 2d DCA 1984), and we therefore affirm.
Affirmed in part and reversed in part and remanded.
NIMMONS, J., and PEARSON, TILLMAN, (Ret.) Associate Judge, concur.