471 So.2d 1342 (1985)
Barbara M. BESS, Appellant,
v.
Kenneth B. BESS, Jr., Appellee.
No. 84-2017.
District Court of Appeal of Florida, Third District.
June 25, 1985.
Rehearing Denied July 22, 1985.
Alboum & Furlong and Estelle Furlong, Miami Beach, for appellant.
Richard A. Barnett, Hollywood, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
There are various points on appeal and cross-appeal in this domestic dispute. We affirm in all respects save one, the denial of the former wife's petition to increase child support payments.
The parties' twelve-year marriage was dissolved in September 1972, the dissolution order incorporating a separation agreement which made provisions for alimony and child support. Mr. Bess agreed to pay $866.50 per month in alimony and a like amount in child support, with the child support decreasing on a pro rata basis as each of the three minor girls reached majority or became self-supporting. At present, there is only one minor child, a fourteen-year-old, *1343 residing with Mrs. Bess. Consequently, Mrs. Bess receives approximately $288 per month in child support. In February 1983, Mrs. Bess filed a petition, which was denied, seeking an upward modification of the alimony and child support payments.
A party seeking to modify agreed alimony and child support payments must meet a heavy burden in showing circumstances which justify a modification. Brooks v. Brooks, 423 So.2d 995 (Fla. 3d DCA 1982); Rubin v. Rubin, 418 So.2d 1065 (Fla. 3d DCA 1982); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA), review denied, 392 So.2d 1378 (Fla. 1980); Hagen v. Hagen, 308 So.2d 41 (Fla. 3d DCA 1975). While the record shows that Mrs. Bess proved her ex-husband's ability to pay additional alimony, we find that there is competent substantial evidence to support a finding that she did not demonstrate her need for increased payments. The evidence showed that Mrs. Bess possessed a 1980 Cadillac which, at the time of the hearing, was almost paid for. There was also evidence that Mrs. Bess, though she chooses not to work, has maid service twice a month and makes loan and insurance payments on her adult, married daughter's car. The record also reflects that Mrs. Bess spends $1,200 per year in club or organizational dues and $3,600 per year on vacations. Finally, Mrs. Bess testified that part of her "need" is the desire to move from her present $700 per month apartment to a $1,200 per month apartment because she wants a second bathroom for herself, her daughter, and her mother who will be visiting for part of the summer. These facts are such that we cannot say the trial court abused its discretion in denying the request for additional alimony.[1]
The child support, however, is another matter. Mr. Bess cannot by contract impair his obligation to support his minor child. Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946); Schottenstein. As previously stated, the record clearly supports a finding that Mr. Bess has the financial ability to make increased payments. It is also evident from the record that the cost of supporting the minor child has increased in the twelve years since the marriage was dissolved due to both inflation and the child's maturation. Finally, in the last few years, Mr. Bess has been relieved of the obligation to support his other two children, who have reached majority. These facts demonstrate that the child support payments agreed to are not commensurate with either the father's ability to pay or the needs of his daughter. Lee; Brooks; Schottenstein; Holt v. Holt, 330 So.2d 489 (Fla. 4th DCA 1976).
Accordingly, the cause is remanded for determination of an appropriate increase in the amount of child support.
Affirmed in part, reversed in part and remanded.
HUBBART, J., concurs.
BARKDULL, Judge, dissenting.
I respectfully dissent from the majority opinion and would return the matter to the trial court for consideration of a modification in favor of the appellant.
At the time the parties were divorced in 1972, the wife was awarded $866.50 per month as alimony and $866.50 per month as child support for three children, to be reduced proportionately as each child reached majority. The former wife filed a motion seeking an upward modification as to alimony and as to child support for the one *1344 child still in her minority and still in the custody of the former wife. Notwithstanding a record that demonstrates, without conflict, a disastrous decline in the lifestyle of the former wife and child, to wit: from residing in a home in Bay Point, an exclusive waterfront residential community in the City of Miami, to a two bedroom, one bath rental apartment, contrasted with the substantial increase in the former husband's means and abilities, to wit: he is now retired, moved to the State of South Carolina, enjoys a substantial residence and is possessed of luxury current model automobiles, plus evidence that the rate of inflation since the original award has been 244%, the trial court denied any modification. These simple, basic facts, above cited, were not disputed on this record, and I think under the authority of Weinstein v. Weinstein, 447 So.2d 309 (Fla. 4th DCA 1984)[1] the matter should be returned to the trial court to make an appropriate upward modification, both as to alimony and support.
NOTES
[1] There was expert testimony to the effect that inflation had reduced the purchasing power of Mrs. Bess' alimony payments. Inflation is a factor to be considered in deciding requests for modification of alimony and child support. Greene v. Greene, 372 So.2d 189 (Fla. 3d DCA 1979). It is, however, only one factor relevant to both need and, because it obviously impacts on both parties, ability to pay.

Other factors, such as employment or the selfsupporting status of children previously dependent on a party, may serve to reduce the impact of inflation. Consequently, where there is evidence that, despite inflation, a party is able to comfortably sustain him- or herself, a trial court may find the requisite need lacking. It is necessary for a petitioner to show that the inflation has in fact created a need. Powell v. Powell, 386 So.2d 1214 (Fla. 3d DCA 1980).
[1] This opinion should be controlling in the instant case and reads in part as follows.

"[1] Pope v. Pope, 342 So.2d 1000 (Fla. 4th DCA 1977), and its progeny make clear that when a husband's income has markedly improved while a wife's circumstances have worsened because of the impact of inflation, it is error not to grant the wife a modification of alimony."