482 So.2d 584 (1986)
Patricia G. BOYLAN, Formerly Patricia G. Cooper, Appellant,
v.
Thomas R. COOPER, Appellee.
No. 85-245.
District Court of Appeal of Florida, Fifth District.
February 6, 1986.
Frank A. Taylor, Orlando, for appellant.
James M. Campbell, Orlando, for appellee.
COBB, Chief Judge.
In this case the wife unsuccessfully sought modification of a support agreement providing for $50.00 per week support for two children. At the time of the original judgment the wife was unemployed; she has since remarried and is employed with earnings in excess of the income of her former husband, who has received only cost-of-living salary increases.
The matter of increase in child support payments is one largely within the discretion of the lower court judge. The test for modification requires a showing of a substantial change of circumstances, either in the ability of the paying spouse and/or the need of the receiving spouse. Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA), review denied, 402 So.2d 609 (Fla. 1981). In the opinion of the trial judge here, the movant showed neither, and we cannot find that no reasonable man would agree with that determination. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The appellant's argument in regard to changed circumstances is based solely on inflation and the aging of the children, factors common in all cases. The cases relied upon by the dissent are easily distinguishable. In Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983), the income of the father was substantially greater than that of the mother. In Brooks v. Brooks, 423 So.2d 995 (Fla.3d DCA 1982), unlike the instant case, the mother's income had decreased, whereas the husband's had increased from approximately $26,000 to $35,000 per year. Cannon v. Morris, 407 So.2d 372 (Fla. 1st DCA 1981), and Kozelski v. Kozelski, 448 So.2d 1228 (Fla. 2d DCA 1984), also cited by the dissent, were not modification cases. Finally, the disparate burden of support referred to in the dissent is based upon a patently inflated expense affidavit submitted by the wife, and obviously rejected by the trial court, wherein the twelve- and thirteen-year-old children are debited with mortgage, utility, credit and car payments aggregating some $600 per month exclusive of their food, clothing, medical care and transportation.
AFFIRMED.
UPCHURCH, J., concurs.
SHARP, J., dissents with opinion.
*585 SHARP, Judge, dissenting.
I dissent in this case because I think the trial court abused its discretion by not increasing (at least somewhat) the amount of child support for the parties' two minor children.
A prima facie showing was made in this case for an increase in the support award, based on the statement of evidence and the parties' financial affidavits. The parties divorced in 1975, and pursuant to a property settlement agreement which was incorporated in the final judgment, the former husband (appellee) agreed to pay $50.00 per week to support his two children, then three and four years of age. At the time he was earning $256.40 per week; and appellant was drawing $82.00 per week from unemployment. When appellant sought an increase in child support, appellee was earning $411.29 per week, and the children were ages twelve and thirteen, with greatly increased needs and expenses. Such has been sufficient to require reversal of denials of petitions for increased support in this court, as well as others. See Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983); Brooks v. Brooks, 423 So.2d 995 (Fla. 3rd DCA 1982).
In this case there are two factors which appellee claims justify an affirmance, neither of which, in my view, are relevant. First, appellee argues the $50.00 figure came from a property settlement agreement, and it is therefore sacrosanct and not as easily modified as amounts set in judgments. Although there is dictum to support this view in some appellate cases,[1] that appears to me to be in conflict with section 61.13(1), Florida Statutes (1983), which permits modification of child support obligations based on a substantial change of circumstances, whether or not the dissolution incorporates or does not incorporate a settlement agreement.[2]
Parents may not contract away a child's right of support.[3] The welfare and best interest of the child has always been the keystone of Florida's jurisprudence regarding support and custody of children.[4] Is a child in less need because of a contract entered into between its parents? In any event, I think appellant carried her burden of proof in this case.
The second factor in this case is that the wife's financial circumstances have greatly improved since the dissolution. She now earns $447.50 per week, has remarried, has a home and two automobiles. However, the husband's income has also increased some sixty percent. Clearly there has been a substantial change in circumstances on the part of both parties.
The wife's financial affidavit establishes that even excluding insurance, credit card, loan and car payments, the cost of support attributable to the children exceeds $750.00 per month.[5] The husband, who initially contributed twenty percent of his earnings for the children's support, now contributes only twelve percent. The wife, on the other hand, contributes thirty percent of her income for their support.
The parties' earnings are roughly equal, and a child is entitled to be supported *586 equally by both parents according to their abilities.[6] Here, the major burden of support, and the full burden of care, is being carried by appellant and her second husband, who does not owe this obligation. Fifty dollars per week to support two teenagers is a paltry sum for a man who is earning $411.29 per week. Refusal to increase this award is, I think, an abuse of discretion.[7]
NOTES
[1] See Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA), dismissed without opinion, 402 So.2d 609 (Fla. 1981); Flynn v. Flynn, 433 So.2d 1037 (Fla. 4th DCA 1983).
[2] Cannon v. Morris, 407 So.2d 372, 373 (Fla. 1st DCA 1981) (child support agreements are always subject to judicial modification whenever there is a change in circumstances from the time of the award).
[3] Frazier v. Frazier, 109 Fla. 164, 147 So. 464 (Fla. 1933); Viltz v. Viltz, 384 So.2d 1348 (Fla. 3rd DCA 1980); Siegel v. Zimmerman, 319 So.2d 187 (Fla. 3rd DCA 1975); and Eaton v. Eaton, 238 So.2d 166 (Fla. 4th DCA 1970).
[4] See Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971).
[5] This includes two-fifths of the mortgage and utilities which is a legitimate cost of shelter, even where the standard of living has been increased subsequent to the dissolution of the marriage. A child is entitled to share in the good fortune of both parents and its standard of living may not be relegated to that set by the parties during the marriage. Smith v. Smith, 474 So.2d 1212 (Fla. 2d DCA 1985); Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983).
[6] § 61.13(1), Fla. Stat. (1983); Condon v. Condon, 295 So.2d 681 (Fla. 1st DCA 1974).
[7] See Kozelski v. Kozelski, 448 So.2d 1228 (Fla. 2d DCA 1984) (where appellate court found a child support award of roughly 15% of husband's net income was inadequate); Morris v. Morris, 447 So.2d 456 (Fla. 5th DCA 1984) (where appellate court found combined alimony and child support award of roughly 38% of husband's net income was within bounds of judicial discretion).