492 So.2d 759 (1986)
Louis G. MANDY, Appellant/Cross Appellee,
v.
Dianne L. Mandy WILLIAMS, Appellee/Cross Appellant.
No. 85-1423.
District Court of Appeal of Florida, Fourth District.
August 6, 1986.
Joanna R. Martin of Harris & Martin, P.A., North Palm Beach, for appellant/cross appellee.
Frank B. Kessler, Lake Worth, for appellee/cross appellant.
HERSEY, Chief Judge.
This is an appeal by the former husband, Louis G. Mandy, of final orders modifying the parties' division of certain marital property and the amount of child support to be paid by the husband. The former wife, Dianne L. Mandy Williams, cross appeals the trial judge's denial of her claim for attorney's fees and costs.
In 1972 the parties entered into a separation agreement, which was later incorporated into the final judgment dissolving their marriage. The agreement provided in relevant part that the wife and three minor children would continue to reside in the marital home; that the wife would be responsible for mortgage payments on the home and would receive the benefit of any resultant tax deductions; and that upon sale of the home the husband and wife would divide the proceeds equally. The agreement further provided that the husband would pay $20.00 per week in child support for each of the three minor children. The trial court's final judgment failed to reserve jurisdiction as to any matters.
*760 In 1984 the wife petitioned the trial court to modify the provisions of the final judgment concerning the former marital home. She sought a special equity with regard to certain improvements she had made to the property as well as a redetermination of the parties' respective interests upon her anticipated sale of the home. The wife also petitioned for an increase in child support payments for the one child of the parties who was still a minor, and for payment by the husband of her attorney's fees and costs.
After a hearing the trial court entered judgment increasing the husband's child support payments to $75.00 per week, retroactive to the date of the wife's petition for modification, but with the provision that the retroactive payments would not be due until the husband received his share of the proceeds from the sale of the marital home. The court's judgment also provided for payment to the wife out of the husband's sale proceeds of $2,142, which represents one-half of a portion of the cost of her improvements to the home, in addition to one-half of the mortgage payments the wife had made since the time of the parties' divorce. The wife's request for attorney's fees and costs was denied.
The husband's first contention on appeal is that the trial court lacked jurisdiction to modify the provisions of the final judgment determining the parties' respective property rights in the marital home. Although this challenge to the trial court's subject matter jurisdiction has not been waived by the husband's failure to raise the issue below, see City of West Palm Beach v. Palm Beach County Police Benevolent Ass'n, 387 So.2d 533 (Fla. 4th DCA 1980); Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980), we recognize that in entering judgment the trial judge was denied the benefit of having this matter brought to his attention.
We agree that the trial court lacked authority to modify the parties' property rights with regard to the marital home, based upon the well-established rule in this state that since property rights in a dissolution of marriage action are absolutely fixed and vested at the time of entry of the final judgment of dissolution, the trial court cannot thereafter modify those rights. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Neal v. Neal, 403 So.2d 621 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 467 (Fla. 1982); Horton v. Horton, 330 So.2d 69 (Fla. 1st DCA 1976); Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970). We find particularly applicable to the present facts this court's decision in Poling v. Tresidder, 373 So.2d 405 (Fla. 4th DCA 1979), cited to us by appellant, in which the parties' property settlement agreement, incorporated into the final judgment, gave the husband exclusive possession of the marital home and provided that when the residence was sold the parties would share equally in the net gain from the sale. The husband thereafter sought a credit for improvements he had made which increased the value of the home by $3,000, and the trial court awarded him $1,500 out of the wife's sale proceeds. This court reversed, finding that the trial court lacked jurisdiction over the parties' property rights because:
The property rights of the parties were determined by the final judgment of dissolution of marriage without retention of jurisdiction. Whatever subsequently transpired to affect those rights could not breathe new jurisdictional life into that final judgment. See Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948).
373 So.2d at 406.
The parties in the present case similarly made no provision for a credit to the wife for improvements to the property, nor did they provide for payment by the husband of half of the mortgage payments. Since the parties' rights were fixed and vested at the time of the final judgment, the trial court lacked jurisdiction to subsequently modify those rights. Therefore, we vacate those provisions of the April 1985 judgment modifying the parties' property rights by awarding the wife credits for improvements to the home and half of the mortgage payments.
*761 The husband's final contention on appeal is that the trial court abused its discretion in increasing his child support payments from $20.00 to $75.00 per week. We think the evidence below amply supports the increase. The parties' minor son, who was two years old at the time of the divorce, was fourteen years old when the wife petitioned in 1984 for an increase in his child support. The record shows that the child's expenses have increased considerably as he has grown older, that prices have risen significantly in the intervening twelve years, and that the husband's income has more than doubled from $188 per week in 1972 to $400 per week in 1984. In similar situations, this court and others have found abuse of discretion where trial courts refused to increase child support payments. See Bess v. Bess, 471 So.2d 1342 (Fla. 3d DCA 1985) (error to refuse to increase child support payments for fourteen-year-old where husband has financial ability to pay more and where "the cost of supporting the minor child has increased in the twelve years since the marriage was dissolved due to both inflation and the child's maturation." Id. at 1343), appeal dismissed, 476 So.2d 672 (Fla. 1985), rev. denied, 482 So.2d 347 (Fla. 1986); Brooks v. Brooks, 423 So.2d 995 (Fla. 3d DCA 1982) (error in denying increase in child support for parties' two minor children where, as they grew older in six-year period since the divorce, the cost of their support had risen, purchasing power of the dollar had declined, and husband's income increased from $26,000 to $35,000 per year); Pope v. Pope, 342 So.2d 1000 (Fla. 4th DCA 1977) (where, in ten-year period since the parties' divorce, husband's income doubled and cost of living rose by over sixty-eight percent, trial court erred in refusing to increase child support payments); Siegel v. Zimmerman, 319 So.2d 187 (Fla. 3d DCA 1975) (where needs of children increased in three years since dissolution due to increased cost of living and increased needs of older children, including school expenses, and where husband's income had doubled, trial court abused discretion in denying motion to increase child support).
We also note that in Bess, 471 So.2d at 1342, the court found it significant that the husband had been relieved of support obligations for the parties' two older children who had reached the age of majority. See also Holt v. Holt, 330 So.2d 489 (Fla. 4th DCA 1976) (where father had been relieved of support obligation of $110 per month for older child because of emancipation, proper to increase support payments for remaining minor child to $200 per month where his needs had increased as he grew older). The husband in the present case has similarly been relieved of an additional $40 per week in support payments for the parties' two children who have attained majority. We decline to find an abuse of discretion in the trial court's determination that the husband has the ability to make child support payments of $75 per week when this represents only a $15-per-week increase over the amount the husband paid when he earned less than half of his present salary. We also reject the husband's contention that he lacks the means to pay the retroactive support award, since the trial judge has resolved this problem on rehearing by delaying these payments until the husband receives his share of the proceeds from the sale of the former marital home.
The final issue for our consideration is the wife's contention on cross appeal that the trial judge abused his discretion in failing to award her attorney's fees and costs.
Award of attorney's fees in a dissolution of marriage proceeding depends upon "the relative financial circumstances of the parties." Hudgens v. Hudgens, 411 So.2d 354, 355 (Fla. 2d DCA 1982). This court has held that a trial court's failure to award fees to a wife whose financial position is substantially inferior to her husband's constitutes abuse of discretion. McClay v. McClay, 447 So.2d 1026 (Fla. 4th DCA 1984); Johns v. Johns, 423 So.2d 443 (Fla. 4th DCA 1982). But where the parties' financial positions are comparable, an award of attorney's fees is not appropriate. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Wenz v. Collings, 417 So.2d 318 (Fla. 5th DCA 1982). Also, in determining *762 whether to award attorney's fees the trial court may consider the parties' respective assets as well as income. Hicks v. Hicks, 313 So.2d 64 (Fla. 4th DCA 1975).
We conclude that the wife has not demonstrated an abuse of discretion. The record reveals that both parties are of modest means with substantially similar incomes. Also, the wife's failure to disclose her assets to the trial court precludes a finding of sufficient disparity in the parties' financial positions to warrant an award of attorney's fees due to a lack of sufficient evidence from which the wife's true financial position can be ascertained.
In conclusion, we vacate those portions of the trial court's judgment which modify the parties' respective interests in the marital home. In all other respects we affirm.
AFFIRMED in part; VACATED in part.
LETTS and GUNTHER, JJ., concur.