BASKIN, Judge.
Because both the husband’s earnings and the child’s expenses have substantially increased in the eleven years since the parties’ divorce, we find that the evidence justifies a larger child support award. We *25 therefore reverse the Order Granting the Petition for Modification of Child Support and remand the cause to the trial court to reevaluate the amount. Smith v. Smith, 474 So.2d 1212 (Fla. 2d DCA), review denied, 486 So.2d 597 (Fla.1986); Bess v. Bess, 471 So.2d 1342 (Fla. 3d DCA), dismissed, 476 So.2d 672 (Fla.1985), review denied, 482 So.2d 347 (Fla.1986); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA), review denied, 392 So.2d 1378 (Fla.1980); Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla.1979). On remand, the trial court should treat the husband’s statement that he is “financially capable of an increased amount of child support” as a stipulation under Palmar v. Palmar, 402 So.2d 20 (Fla. 3d DCA 1981).
Reversed and remanded with directions.