ORFINGER, J.
In this consolidated appeal, Donna Klin-ka, the former wife, appeals two post-judgment orders. In the first order,[1] the trial court found the former wife in contempt for failure to sign a real estate listing agreement after being directed to do so. In the second order,[2] the trial court altered the distribution of assets that had been previously determined in the final judgment. We affirm in part and reverse in part.
The former wife, and D. Richard Klinka, the former husband, were divorced by final judgment of dissolution of marriage rendered in 2003, and amended in 2004. The final judgment ordered that four parcels of real property owned by the parties “shall be sold with the proceeds being split equally between the parties.” Suffice it to say that the former wife was less than cooperative in listing the property for sale, and, indeed, obstructed the process in many ways. As a consequence, after much wrangling, the former wife was ordered by the trial court to sign the listing contract presented at the status conference. When *385 she refused, she was held in contempt. We affirm the contempt order without comment. However, with respect to the second order which determined that the former husband was to receive a minimum of $1,000,000 from the sale of the property, instead of the even division ordered in the final judgment, we are constrained to reverse.
On appeal, the former wife argues that the former husband did not file any pleadings seeking an amendment to or relief from final judgment, and, therefore, she was afforded no due process. On the merits, she submits that the second order improperly modified the parties’ property rights. She contends that the court lacked jurisdiction to modify the property rights that had been fixed by the final judgment. See Mandy v. Williams, 492 So.2d 759 (Fla. 4th DCA 1986) (holding that property rights in dissolution action are fixed and vested upon entry of final judgment of dissolution of marriage).
The former husband counters that in the absence of a transcript, these contentions may not be addressed. However, when, as here, the deficiencies are obvious on the face of a final judgment, record or order, the existence of a transcript of proceedings is irrelevant to resolution of such claims and appellate review is not precluded. Marshall v. Marshall, 953 So.2d 23, 25 (Fla. 5th DCA 2007); Mayfield v. Mayfield, 929 So.2d 671, 672 (Fla. 5th DCA 2006).
“It is well settled that an order adjudicating issues not presented by the pleadings, noticed to the parties, or litigated below denies fundamental due process.” Neumann v. Neumann, 857 So.2d 372, 373 (Fla. 1st DCA 2003); see Sabine v. Sabine, 834 So.2d 959, 960 (Fla. 2d DCA 2003) (stating that when “a judgment is not based on an issue that had been framed by the pleadings, noticed for hearing, or litigated by the parties, it may not stand” because “[t]he failure to follow these basic procedural requirements implicates due process concerns”). The former husband does not point to the existence of any pleading seeking modification or relief from the final payment. Hence, the second order denied the former wife due process by adjudicating an issue that was not before it.
Further, we find that the second order is invalid as it improperly modified the property rights, which were settled in the final judgment. It is well established that once the property rights of the parties have been settled by the court in a final judgment of dissolution of marriage, the trial court cannot thereafter modify those rights. Mandy, 492 So.2d at 760; see also Davis v. Dieujuste, 496 So.2d 806, 809-10 (Fla.1986) (holding that “a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations”).
The former husband does not contend that the order on the status conference does not modify the final judgment. Instead, he asserts that the former wife dragged her feet in having the property sold. While we agree that the former wife obstructed the sale of the property, this argument misses the mark. The issue is whether the order on status conference modified the final judgment without proper invocation of the trial court’s subject matter jurisdiction and without affording the former wife procedural due process. Even if the request to reallocate the proceeds of the sale had been noticed for hearing (which apparently it was not), the trial judge lacked the authority to reallo *386 cate the proceeds since the judgment had become final. Upon proper motion, the judge was free to sanction the former wife for misconduct or delay, but to simply reallocate the proceeds in a manner not contemplated by the final judgment was an action without authority. As we said in Encarnacion v. Encarnacion, 877 So.2d 960, 963-64 (Fla. 5th DCA 2004):
At the time a judgment of dissolution of marriage becomes final, the parties’ property rights, if determined by the judgment, are fixed as a matter of law. A court may clarify what is implicit in the final judgment, and enforce the judgment. But after a final judgment is rendered, the trial court lacks jurisdiction under chapter 61 to determine property rights, unless the final judgment reserves jurisdiction for a specific purpose regarding identified property.
(Internal citations and footnotes omitted).
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
PLEUS, C.J., and EVANDER, J., concur.

. Our case number 5D06-1732.

. Our case number 5D06-2055.