# Third District Court of Appeal

## State of Florida

Opinion filed June 28, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1524
Lower Tribunal No. 21-27744
_____

## First Community Insurance Company,
Appellant,

vs.

## Kwaku and Beatrice Adjei,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Cole, Scott & Kissane, P.A., and Mark D. Tinker (Tampa), for appellant.

Font & Nelson, PLLC, and Jose P. Font and Christopher Herrera (Fort Lauderdale), for appellees.

Before SCALES, MILLER, and BOKOR, JJ.

SCALES, J.

In this first-party property insurance case, appellant First Community Insurance Company ("First Community"), the defendant below, appeals the trial court's August 5, 2022, nonfinal order compelling an appraisal ("appraisal order") between First Community and its insureds, the plaintiffs below, appellees Kwaku and Beatrice Adjei (the "Adjeis").[1] Because the trial court violated First Community's due process rights by considering and adjudicating the appraisal issue when no proper motion thereon was pending or noticed for hearing, we reverse.

## I.    RELEVANT BACKGROUND

On December 28, 2021, the Adjeis filed a complaint for declaratory relief against First Community in the Miami-Dade County circuit court. While not a model of clarity, the Adjeis' complaint alleges, in relevant part, the following:

First Community issued a homeowners' insurance policy covering the Adjeis' Miami home for the policy period between November 16, 2016 and November 16, 2017. On or about September 10, 2017, the Adjeis' home suffered damage during Hurricane Irma, and they notified First Community of the loss. First Community adjusted the loss and tendered a loss payment, but the Adjeis' claim the payment was inadequate. The Adjeis now seek a

---

[1] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv).

declaration as to whether they may invoke the subject policy's appraisal provision without first complying with First Community's demand that they submit "evidence individually, or through qualified experts, [regarding] the efficient proximate cause of the loss and/or the actual cash value of the damages" sustained during the hurricane.

Rather than file an answer, First Community moved below to dismiss the Adjeis' complaint on grounds that the pleading failed to adequately allege a valid cause of action and that res judicata barred the lawsuit. First Community moved separately to strike the Adjeis' complaint as a sham pleading and to impose sanctions against the Adjeis and their counsel pursuant to section 57.105 of the Florida Statutes. The trial court, *sua sponte*, then entered an order setting an August 4, 2022 case management conference to entertain the following issues:

> **The court intends to specifically address the following motion matter:**
>
> **Case Management Conference**
>
> In addition, the parties shall be prepared to argue and address *all pending motions* and *issues in the case*, including time-frame to complete discovery, for filing *dispositive motions*, and trial settings.

(Emphasis added).

The only pending motions at the time of the case management conference were First Community's motions to dismiss the complaint, to strike the complaint as a sham pleading, and for sanctions. At the case management conference, though, over First Community's objection, the Adjeis' counsel made an *ore tenus* motion to compel an appraisal. The trial court granted the *ore tenus motion* and entered the appraisal order that, in relevant part, ostensibly awards the Adjeis the very relief sought in their complaint:[2]

> The parties are ordered to attend appraisal within thirty (30) days of the date of this Order as ordered by this Court over Defendant's objections. Plaintiffs did not file a Motion to Compel Appraisal with the Court and raised the Motion to Compel Appraisal ore tenus at the Case Management Conference on August 4, 2022.

After First Community unsuccessfully sought reconsideration of the appraisal order, it timely filed the instant appeal.

## II.   ANALYSIS[3]

---

[2] The trial court did not adjudicate any of First Community's pending motions at this case management conference.

[3] "We review the factual findings in an order compelling appraisal for competent, substantial evidence and the application of law to those facts de novo." Heritage Prop. & Cas. Ins. Co. v. Condo. Ass'n of Gateway House Apartments Inc., 344 So. 3d 52, 54 (Fla. 3d DCA 2021).

4

"A trial court violates a litigant's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing." Epic Metals Corp. v. Samari Lake E. Condo. Ass'n, 547 So. 2d 198, 199 (Fla. 3d DCA 1989). Although our record contains no transcript of the case management conference and the appraisal order does not explicate the trial court's reasons for ordering an appraisal, we are still able to provide meaningful review here because legal error is plainly evident on the face of the record. See Ferry v. E-Z Cashing, LLC, 48 Fla. L. Weekly D681, 2023 WL 2776869, at *2 (Fla. 2d DCA Apr. 5, 2023) ("The absence of a transcript does not hinder our review when a legal error plainly appears on the face of the record."); Klinka v. Klinka, 959 So. 2d 383, 385 (Fla. 5th DCA 2007) ("[W]hen . . . the deficiencies are obvious on the face of a final judgment, record or order, the existence of a transcript of proceedings is irrelevant to resolution of such claims and appellate review is not precluded.").

Based on the language of the trial court's order setting the case management conference, First Community clearly attended the case management conference prepared to argue only its pending motions to dismiss the complaint, to strike the complaint and for sanctions. Instead, the trial court placed First Community in the untenable position of defending against Adjei's unnoticed, *ore tenus* motion to compel an appraisal that, in

5

essence, was a thinly veiled, dispositive motion on the merits of their complaint.[4] Because this did not comport with due process, we reverse that portion of the appraisal order compelling an appraisal. See Epic Metals

[4] We reject the Adjeis' argument that because their complaint sought to invoke the subject policy's appraisal provision, the trial court's order setting the August 4, 2022 case management conference put First Community on notice that the appraisal issue would be resolved at that hearing. While the Adjeis' entitlement to an appraisal is undoubtedly one of the "issues in the case," we note that no "dispositive motion" on their complaint was pending at the time of the case management conference. Further, even if the Adjies had filed a dispositive motion and properly noticed it for hearing, nothing in our record indicates that such a motion would have been ripe for adjudication. See People's Tr. Ins. Co. v. Ortega, 306 So. 3d 280, 284-285 (Fla. 3d DCA 2020) ("The right to an appraisal is created by the insurance policy and cannot be triggered unless both parties have complied with their contractual obligations. . . . This Court's precedent makes clear that where there is a dispute over whether an insured has sufficiently complied with his or her contractual duties so as to trigger the policy's appraisal provision, that dispute must be resolved before compelling the parties to proceed with an appraisal of the disputed loss."); see also Certain Underwriters at Lloyd's, London v. Gables Court Condo. Ass'n, 357 So. 3d 759, 761-62 (Fla. 3d DCA 2023) ("[T]he trial court improperly relied upon counsel's representations – rather than evidence – in resolving disputed issues of fact and in determining whether [the insured] complied with its post-loss obligations."); cf. People's Tr. Ins. Co. v. Marzouka, 320 So. 3d 945, 949 (Fla. 3d DCA 2021) ("Because [the complaint's claims for declaratory relief] . . . target[] the enforceability of the appraisal and other policy provisions themselves, the trial court could not have granted the motion to compel appraisal as to the breach of contract claim without improperly and prematurely adjudicating these issues with regard to the declaratory judgment claims.").

6

Corp., 547 So. 2d at 199; Carrol & Assocs., P.A. v. Galindo, 864 So. 2d 24, 29 (Fla. 3d DCA 2003) ("To allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights.").

Reversed.